# EXHIBIT A

```
 1                    UNITED STATES DISTRICT COURT
                      WESTERN DISTRICT OF NEW YORK
 2

 3   - - - - - - - - - - - - - X
     JACQUELINE BEEBE,                       17-CV-6075(W)
 4              Plaintiff
     vs.
 5                                           Rochester, New York
     V&J NATIONAL ENTERPRISES, LLC,          June 14, 2017
 6   ET AL.,                                 2:04 p.m.
                Defendants.
 7   - - - - - - - - - - - - - X

 8

 9                     TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE MARIAN W. PAYSON
10                  UNITED STATES MAGISTRATE JUDGE

11

12                     FINKELSTEIN BLANKINSHIP FREI-PEARSON &
                       GARBER, LLP
13                     BY: JEREMIAH FREI-PEARSON, ESQ.
                       445 Hamilton Avenue
14                     Suite 605
                       White Plains, New York 10601
15                     Appearing on behalf of the Plaintiff

16
                       BOND SCHOENECK & KING, PLLC
17                     BY: KATHERINE S. MCCLUNG, ESQ.
                       350 Linden Oaks
18                     Suite 310
                       Rochester, New York 14625
19                     Appearing on behalf of the Defendant

20
     AUDIO RECORDER:    Catherine A. Marr
21

22   TRANSCRIBER:       Christi A. Macri, FAPR-CRR
                        Kenneth B. Keating Federal Building
23                      100 State Street, Room 2120
                        Rochester, New York 14614

24

25   (Proceedings recorded by electronic sound recording,
     transcript produced by computer).
```

1  and served -- I'm sorry, separate interrogatory requests and
2  served separate responses that were not presented to the Court
3  on the record and did not contain that same statement.
4       **MAGISTRATE JUDGE PAYSON:** Okay.  But for purposes of
5  this question, isn't the relevance that one defendant who is
6  the employer has said there was a flat rate that applied to --
7  I mean not necessarily the same flat rate, but a -- all of the
8  pizza delivery drivers were reimbursed for vehicle expenses at
9  a flat rate, that that was company policy -- I mean, that was
10 franchise policy.
11      **MS. MCCLUNG:** Right, with respect to its employees.
12 But it's not the only defendant here, of course.  There are
13 three other defendants and they're seeking to get conditional
14 certification --
15      **MAGISTRATE JUDGE PAYSON:** But aren't you admitting
16 that that -- that entity is the employer of these pizza
17 delivery drivers?
18      **MS. MCCLUNG:** That entity employed Mr. Spano and
19 Ms. Beebe, that's correct.
20      **MAGISTRATE JUDGE PAYSON:** All right. Okay, let's see
21 what other questions -- you know, I will acknowledge that I
22 think that you've -- that you've argued vigorously and I, you
23 know, when you go back to your client and you tell your client
24 that you lost on these motions, which you're going to lose on
25 these motions, it's not because you didn't do a thorough and

1   vigorous job arguing everything you could argue.
2              I just think that it's an easy case in my
3   perspective.  This is an easy case.  I agree with you that a
4   modest showing doesn't mean no showing.
5              **MS. MCCLUNG:** Mm-hmm.
6              **MAGISTRATE JUDGE PAYSON:** And I have had cases where
7   I have said you're not there yet.  Go take some discovery, you
8   need to do some discovery.  Where there has been a question
9   of, you know, a very large national company with different
10  management structures and it's uncertain as to, frankly,
11  whether payment practices are as a result of a policy, is it a
12  company policy?  Is it a regional policy?  Who is setting the
13  policy?  You've only got one person in one restaurant or one
14  store.
15             So sometimes those arguments have merit, but I just
16  don't think this is one of those cases.  The fact that the
17  showing of similarly situated is described consistently as a
18  modest showing at this stage does mean something.
19             And I haven't struggled really at all with the
20  question of whether it's reasonable to infer that people who
21  worked at Mr. Spano's store and people who worked at
22  Ms. Beebe's store are properly, you know, part of a putative
23  class at this juncture.
24             You know, the only question that -- on that
25  particular issue that I have spent a fair amount of time