UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JACQUELINE BEEBE,

                    Plaintiff,

      v.

V&J NATIONAL ENTERPRISES, LLC, et al.,

                    Defendants.

Civil Action No.
6:17-cv-06075-EAW

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR EQUITABLE TOLLING

BOND, SCHOENECK & KING, PLLC
Sharon M. Porcellio, Esq.
Michael E. Hickey, Esq.
Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
Telephone:  (716) 416-7000
Fax:  (716) 416-7001

Katherine S. McClung, Esq.
Theresa Rusnak, Esq.
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone:  (585) 362-4700
Fax:  (585) 362-4701

*Attorneys for Defendants*

1285372.3

## <u>TABLE OF CONTENTS</u>

Page

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ............................................................................................................................... 1

    Equitable Tolling is Only Available in Extraordinary Circumstances That Are Not
    Present Here. ......................................................................................................................... 1

        I.      Equitable Tolling Should Not Be Granted For The Time Period The
                Conditional Certification Motion Was Pending. ................................................. 4

        II.     Equitable Tolling Should Not Be Granted Based on the Time Period between
                the Court's Conditional Certification Order and Defendants' Production
                of the List of Potential Opt-In Plaintiffs. ........................................................... 7

        III.    There Is No Basis for Any "Additional Tolling" In This Case........................... 9

CONCLUSION .......................................................................................................................... 11

1285372.3

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aguilar v. Management & Training Corp.*,
  2017 U.S. Dist. LEXIS 22043 (D.N.M. 2017) .........................................................4

*Barrett v. Forest Labs., Inc.*,
  2015 U.S. Dist. LEXIS 88299 (S.D.N.Y. July 8, 2015) ............................................2

*A.Q.C. ex rel. Castillo v. United States*,
  656 F.3d 135 (2d Cir. 2011)......................................................................................2

*Gustafson v. Bell Atl. Corp.*,
  171 F. Supp. 2d 311 (S.D.N.Y. 2001)........................................................................3

*Hinterberger v. Catholic Health Sys.*,
  2009 U.S. Dist. LEXIS 97944 (W.D.N.Y. 2009) (Skretny, J.)...................................2, 5, 6, 10

*Hoffmann v. Sbarro, Inc.*,
  982 F. Supp. 249 (S.D.N.Y. 1997) ............................................................................2

*Iavorski v. United States I.N.S.*,
  232 F.3d 124 (2d Cir. 2000)......................................................................................3

*Johnson v. Nyack Hosp.*,
  86 F.3d 8 (2d Cir. 1996)............................................................................................3

*Lee v. ABC Carpet & Home*,
  236 F.R.D. 193 (S.D.N.Y. 2006) ..............................................................................1, 2

*McGlone v. Contract Callers, Inc.*,
  867 F. Supp. 2d 438 (S.D.N.Y. 2012) (equitable tolling granted where
  conditional certification motion was filed on October 14, 2011 (*see* 11-cv-
  3004, Dkt. No. 44) and remained pending for 354 days) ..........................................4

*Miller v. Int'l Tel. & Tel. Corp.*,
  755 F.2d 20, 24 (2d Cir. 1985)..................................................................................3

*Morrison v. Ocean State Jobbers, Inc.*,
  180 F. Supp. 3d 190 (D. Conn. 2016) .......................................................................3, 4

*Pace v. DiGuglielmo*,
  544 U.S. 408 (2005)...................................................................................................3, 10

*Schultz v. Am. Family Mut. Ins. Co.*,
  2005 U.S. Dist. LEXIS 38848, at *15 (N.D. Ill. Nov. 1, 2005)................................8

1285372.3

*Spano v. V&J National Enterprises, LLC, et al.*,
  16-cv-6419 (W.D.N.Y.) ........................................................................................9, 10

*Titchenell v. Apria Healthcare, Inc*.,
  2012 U.S. Dist. LEXIS 122759 (E.D. Pa. 2012) .......................................................3

*Wallace v. Kato*,
  549 U.S. 384 (2007)....................................................................................................2

*Whitehorn v. Wolfgang's Steakhouse, Inc.*,
  767 F. Supp. 2d 445 (S.D.N.Y. 2011)................................................................3, 7, 8

*Yahraes v. Rest. Assocs. Events Corp.*,
  2011 U.S. Dist. LEXIS 23115 (E.D.N.Y. 2011)........................................................5

*Young v. Dollar Tree Stores, Inc.*,
  2013 U.S. Dist. LEXIS 41296 (D. Colo. Mar. 25, 2013) .........................................8

**Statutes**

29 U.S.C.A. § 255(a) .........................................................................................................1

29 U.S.C. §§ 255, 256........................................................................................................2

FLSA...........................................................................................................................1, 2, 4, 8

**Other Authorities**

Rule 23 ...............................................................................................................................2

1285372.3

Defendants V&J National Enterprises, LLC, V&J United Enterprises, LLC, V&J Employment Services, Inc., and V&J Holding Companies, Inc. submit this Memorandum of Law in opposition to Plaintiff Jacqueline Beebe's Motion for Equitable Tolling.

## PRELIMINARY STATEMENT

With her motion, Plaintiff is seeking an exception to the statute of limitations applicable to the claims asserted in this action.  Specifically, she is asking the Court to grant equitable tolling of all claims brought by collective members (*i.e.*, opt-in plaintiffs) under the FLSA for a period of 149 days.  This is not warranted.

Equitable tolling is only available in "extraordinary circumstances," which are not present in this case.  While this case may have encountered some normal litigation delays (which do not warrant equitable tolling), opt-in plaintiffs have at no time been hindered or prohibited from discovering or asserting the FLSA claims raised in this case.  Despite any delays that may have occurred in this action, opt-in plaintiffs could have asserted their FLSA claims at any time – whether by joining this action or commencing a separate individual or collective action.  As such, there is simply no basis to toll the statute of limitations applicable to those claims.  For these reasons, and the additional reasons discussed below, Plaintiff's motion must be denied.

## ARGUMENT

### Equitable Tolling is Only Available in Extraordinary Circumstances That Are Not Present Here.

An action under the FLSA has a two-year statute of limitations, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."  29 U.S.C.A. § 255(a).  In a collective action such as this, the statute of limitations period continues to run with respect to each potential opt-in plaintiff's claim until that plaintiff files a consent opting into the suit. *See Lee v. ABC Carpet & Home*, 236 F.R.D. 193,

198-99 (S.D.N.Y. 2006) (citing 29 U.S.C. §§ 255, 256); *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997) ("[O]nly by 'opting in' will the statute of limitations on potential plaintiffs' claims be tolled."). Such "[s]igned consents do not relate back to the original filing date of the complaint." *ABC Carpet*, 236 F.R.D. at 199.

Here, Plaintiff seeks to toll the statute of limitations for opt-in plaintiffs. The doctrine of equitable tolling creates an "exceedingly narrow" exception to the application of the statute of limitations. *See Barrett v. Forest Labs., Inc.*, 2015 U.S. Dist. LEXIS 88299, at *8 (S.D.N.Y. July 8, 2015). "Because statutes of limitations protect important social interests in certainty, accuracy, and repose, equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstances." *A.Q.C. ex rel. Castillo v. United States*, 656 F.3d 135, 144 (2d Cir. 2011) (internal quotation marks, citations, and alteration omitted). Indeed, the Supreme Court has cautioned that equitable tolling is "not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007); *see Hinterberger v. Catholic Health Sys.*, 2009 U.S. Dist. LEXIS 97944, at *49 (W.D.N.Y. 2009) (Skretny, J.) (holding that equitable tolling is a "rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs") (internal citations omitted). Moreover, "in light Congress's considered choice not to relate a FLSA collective action member's signed consent back to the date of the original complaint, courts must be cautious about equitably tolling the FLSA limitations period, lest they transform it into the Rule 23 scheme by effectively altering the express terms of the statute." *See Barrett*, 2015 U.S. Dist. LEXIS 88299, at *8 (citations and quotations omitted).

1285372.3

Equitable tolling is available only "where a [party] has been prevented in some extraordinary way from exercising [her] rights*." Iavorski v. United States I.N.S.*, 232 F.3d 124, 129 (2d Cir. 2000) (quoting *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996)). A litigant seeking equitable tolling bears the high burden of establishing both "(1) that [s]he has been pursuing [her] rights diligently; and (2) that some extraordinary circumstance stood in [her] way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

"An extraordinary circumstance might exist if the employee shows that it would have been impossible for a reasonably prudent person to learn of the cause of action...or if the defendant concealed from the plaintiff the existence of the cause of action." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) (citing *Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 24 (2d Cir. 1985); *Gustafson v. Bell Atl. Corp.*, 171 F. Supp. 2d 311, 323 (S.D.N.Y. 2001)). Courts have cautioned that equitable tolling should not be granted for a "normal litigation delay," so as not to "change the principle of equitable tolling from the exception to the norm." *Morrison v. Ocean State Jobbers, Inc.*, 180 F. Supp. 3d 190, 199 (D. Conn. 2016) (quoting *Titchenell v. Apria Healthcare, Inc*., 2012 U.S. Dist. LEXIS 122759 at *7 (E.D. Pa. 2012)).

With her motion, Plaintiff claims that equitable tolling should apply to the 92 days between the filing of her motion for conditional certification and this Court's ruling on that motion. She further claims tolling should apply to the 57 days that elapsed between this Court's ruling on conditional certification and Defendants' production of the list of delivery drivers (who are the potential opt-in plaintiffs in this case). These time periods were nothing more than normal litigation delays, and no extraordinary circumstances are or were present. There is absolutely no evidence or allegation that potential opt-in plaintiffs could not have learned of their

1285372.3

3

purported FLSA cause of action or that Defendants concealed it from them.  Accordingly,

equitable tolling is not warranted.

**I.      Equitable Tolling Should Not Be Granted For The Time Period The Conditional Certification Motion Was Pending.**

The 92-day time period between Plaintiff's filing of her conditional certification motion

and this Court's ruling on that motion was nothing more than a "normal litigation delay." There

were no "extraordinary circumstances" warranting equitable tolling.  Thus, Plaintiff's request for

tolling of the statute of limitations must be denied.

The limited period of time leading up to this Court's conditional certification order

resulted from an ordinary set of circumstances.  During that time, the parties filed memoranda of

law in support of, and in opposition to, the conditional certification motion.  The Court then

promptly reviewed those memoranda, held oral argument, and issued its ruling.  Frankly, given

the Court's ever-increasing caseload, this was all accomplished in a relatively short period of

time.  Courts routinely deny requests for equitable tolling related to similar delays.  *See, e.g.*,

*Morrison*, 180 F. Supp. 3d at 197 (equitable tolling was denied based on three and a half month

judicial delay and nearly six month total delay between filing of conditional certification motion

and resulting court order); *Aguilar v. Management & Training Corp.*, 2017 U.S. Dist. LEXIS

22043 at *35 (D.N.M. 2017) (equitable tolling was denied based on two month judicial delay and

four month total delay between filing of conditional certification motion and resulting court

order).

In the extraordinary cases cited by Plaintiff, where courts have granted equitable tolling

due to delays in deciding conditional certification motions, the time periods in question have

been substantially longer than the approximate three month period at issue here.  *See McGlone v.*

*Contract Callers, Inc.,* 867 F. Supp. 2d 438 (S.D.N.Y. 2012) (equitable tolling granted where

1285372.3

conditional certification motion was filed on October 14, 2011 (*see* 11-cv-3004, Dkt. No. 44) and remained pending for 354 days); *Yahraes v. Rest. Assocs. Events Corp.*, 2011 U.S. Dist. LEXIS 23115 (E.D.N.Y. 2011) (granting additional equitable tolling where nine months passed between conditional certification motion filing and resulting court order).

That said, courts have also found that even long delays do not automatically warrant equitable tolling.  For example, in *Hinterberger*, Judge Skretny **denied** plaintiffs' request to equitably toll the statute of limitations for the nearly **one year and five month delay** between the filing of their conditional certification motion and the Court's decision.  In doing so, the Court specifically stated that "the time for consideration of the conditional certification and related motions is reflective of an increasing caseload in this District and does not constitute an extraordinary circumstance for tolling purposes." *Hinterberger*, 2009 U.S. Dist. LEXIS 97944, at *48-49.  As in *Hinterberger*, equitable tolling is not warranted in this case.

In her motion papers, Plaintiff tries to shift at least some of the responsibility to Defendants for the limited delay between the motion filing date and the Court's Order on conditional certification.  Indeed, Plaintiff notes that "Defendants contested the motion very thoroughly," "submitt[ed] supplemental authority," and "requested additional time to consider [possible compromises] identified by the Court."  Pl. MOL, p. 2.  In other words, Defendants litigated the motion and advocated their position.  These were all reasonable steps for Defendants to take, and none of them resulted in significant delays in this litigation.  For instance, while the Court approved Defendants' request for additional time to consider the proposed compromises related to conditional certification, they were only granted an additional week.  The Court promptly heard oral argument and issued its conditional certification decision after that brief, one-week delay.

1285372.3

Plaintiff further argues that equitable tolling should be granted for the time period between the motion filing and the Court's decision based upon "Defendants' insistence on litigating every possible issue." Pl. MOL, p. 7. In other words, Plaintiff wants to penalize Defendants, and obtain an exception from the statute of limitations, based on Defendants defending their position in this action. This is inappropriate. Defendants acted well within their rights in litigating Plaintiff's motion, and they did not cause any significant delay in this matter. The limited period of time between the filing of the conditional certification motion and the Court's Order on that motion was reasonable. More importantly, nothing that occurred during that time constituted "extraordinary circumstances" warranting equitable tolling.

In fact, the lack of any barriers to potential opt-in plaintiffs learning of the causes of action asserted in this lawsuit warrants the denial of equitable tolling. Defendants did not "conceal" the existence of the cause of action from them. Rather, prior to conditional certification, potential opt-in plaintiffs had the same ability to discover the potential cause of action and pursue their claims as Plaintiff has done in this case. "Pursuit of [those] right[s] is not dependent on the commencement or certification of a collective action, and a reasonably diligent person could have acted by pursuing an individual or collective action for relief." *Hinterberger*, 2009 U.S. Dist. LEXIS 97944, at *47-48. Simply put, any failure of potential opt-in plaintiffs to discover and assert causes of actions prior to the expiration of the statute of limitations was a result of their own lack of due diligence in pursuing their rights.

For these reasons, there is no basis for equitable tolling in this case. However, if the Court nonetheless decides that it is warranted, then the same considerations discussed above weigh against granting the full 92 days of equitable tolling requested by Plaintiff. Certainly, not every delay in this litigation warrants equitable tolling. Some portion of the 92-day time period

1285372.3

at issue here must be deemed a "normal litigation delay," and that portion should be excluded from any grant of equitable tolling.

## II.     Equitable Tolling Should Not Be Granted Based on the Time Period between the Court's Conditional Certification Order and Defendants' Production of the List of Potential Opt-In Plaintiffs.

Plaintiff requests equitable tolling for the 57-day period of time that occurred between this Court's conditional certification Order and Defendants' production of the list of potential opt-in plaintiffs.  Once again, this was nothing more than a "normal litigation delay" and the lack of any "extraordinary circumstances" completely undermines Plaintiff's request. There was no impediment to potential opt-in plaintiffs learning of the causes of action asserted in this action, and Defendants did nothing to conceal those causes of action.  Thus, extraordinary circumstances are not present, and equitable tolling is not appropriate.  *See Whitehorn*, 767 F. Supp. 2d at 449.

Plaintiff again tries to place the blame on Defendants for the delay.  While the routine delay in the production of the list of potential opt-in plaintiffs was not an extraordinary circumstance requiring equitable tolling, Plaintiff is incorrect in trying to shift the blame. Magistrate Payson issued an Order conditionally certifying this matter as a collective action on June 15, 2017.  (Dkt. No. 41).  No specific deadline for Defendants' production of the list was included in the Order; instead, the Order mirrored the exact language used by Plaintiff in her Notice of Motion – *i.e.*, that the Court direct Defendants to "promptly identify all delivery drivers they have employed at any time during the class period."  (Dkt. No. 9, p. 14; Dkt. No. 41, p. 1).  Simply put, if Plaintiff wanted the list produced by a specific deadline, she could have requested such a deadline.  Defendants cannot be blamed, and equitable tolling cannot be granted, based on them missing an arbitrary deadline that Plaintiff may have desired but never proposed.

1285372.3

In an attempt to show some basis for their request for tolling, it seems Plaintiff may be suggesting that, without the list of names and addresses, potential opt-in plaintiffs could not be made aware of this litigation.  Equitable tolling is not warranted under those circumstances.  As discussed above, an "extraordinary circumstance" warranting equitable tolling might exist if "the employee shows that it would have been impossible for a reasonably prudent person to learn of the cause of action…." *Whitehorn*, 767 F. Supp. 2d at 449.  "Ignorance of a lawsuit, however, is not the same as ignorance of a [cause of action]."  *Schultz v. Am. Family Mut. Ins. Co.*, 2005 U.S. Dist. LEXIS 38848, at *15 (N.D. Ill. Nov. 1, 2005).  "[P]otential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment…and it is those facts and circumstances that allegedly form the basis of each plaintiff's [cause of action]." *Young v. Dollar Tree Stores, Inc.*, 2013 U.S. Dist. LEXIS 41296, at *6-7 (D. Colo. Mar. 25, 2013).  Because Plaintiff does not – and cannot – contend that prospective opt-in plaintiffs were somehow unable to discover the cause of action (i.e. the alleged FLSA violation), there is no basis for tolling of the statute of limitations.  *See id.; Schultz*, 2005 U.S. Dist. LEXIS 38848, at *15; *see also Young v. Dollar Tree Stores, Inc.*, 2013 U.S. Dist. LEXIS 41296, at *6-7 (D. Colo. Mar. 25, 2013) ("[P]otential opt-in plaintiffs are presumed to be aware of the facts and circumstances of their employment…and it is those facts and circumstances that allegedly form the basis of each plaintiff's [cause of action].").

Finally, even if the Court nonetheless decides that equitable tolling is warranted for the period between the Court's Order on conditional certification and Defendants' production of the list of drivers, there is no reason to toll the statute of limitations for the full 57 days requested by Plaintiff.  The entirety of that delay cannot be deemed so "extraordinary" that equitable tolling is warranted.

1285372.3

**III.     There Is No Basis for Any "Additional Tolling" In This Case.**

In their motion papers, with no cite to any supporting authority, Plaintiff claims that the Court has discretion to order "additional tolling" based on Defendants' actions in an entirely different case.  This claim is entirely baseless.

The other case Plaintiff references is *Spano v. V&J National Enterprises, LLC, et al.*, 16-cv-6419 (W.D.N.Y.), which was filed by a different delivery driver who previously worked for Defendants.  After Mr. Spano filed his complaint in that case, Defendants moved, on October 4, 2017, to enforce its arbitration agreement with Mr. Spano.  Based on the terms of that arbitration agreement, Defendants requested that the Court compel arbitration and strike all class and collective allegations asserted in the complaint.  That motion was decided by the Court on August 30, 2017.  In the decision, Judge Wolford denied Defendants' motion to compel and stayed the action (and Defendants' motion to strike) pending the Supreme Court's decision on the validity of class or collective action waivers.

There is absolutely no basis to equitably toll the statute of limitations in this action based on the *Spano* lawsuit.  Plaintiff appears to claim that a collective action would have been certified sooner had Defendants not raised a legitimate defense in the *Spano* action.  Indeed, Plaintiff states that "Mr. Spano likely would have moved for conditional certification in 2016" if Defendants had "not brought the arbitration defense."  Pl. MOL, p. 8-9.  Aside from the absurdity of Plaintiff once again attempting to base her request for equitable tolling on Defendants exercising their right to defend themselves in litigation, the only person to blame for the lack of conditional certification in the *Spano* matter is the plaintiff himself.

1285372.3

There was no prohibition on Mr. Spano moving for conditional certification immediately after filing his complaint or at any time while Defendants' motion to compel arbitration and strike class and collective allegations was pending.  Defendants' assertion of an arbitration defense did not prevent Mr. Spano from making a conditional certification motion.  If Mr. Spano had filed a motion and conditional certification was granted, then potential opt-in plaintiffs would have been sent notice and could have opted into the lawsuit and tolled the statute of limitations on their claims.  By deciding, on his own, not to move for conditional certification, Mr. Spano failed to "pursu[e] his rights diligently;" accordingly, equitable tolling is not available.  *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  Moreover, no extraordinary circumstances prevented Plaintiff or any potential opt-in plaintiffs in the *Spano* matter from discovering and pursuing their claims on their own or collectively.  Thus, equitable tolling is not warranted.  *See Hinterberger*, 2009 U.S. Dist. LEXIS 97944, at *47-48; *Schultz*, 2005 U.S. Dist. LEXIS 38848, at *15.

Finally, as noted above, as a result of this Court's August 30, 2017 Order, the *Spano* action is stayed pending the Supreme Court's decision on the validity of class and collective action waivers.  Given the current uncertainty as to whether potential opt-ins could ever be part of the *Spano* action, there is absolutely no basis to toll the statute of limitations applicable to their claims based on that action.

Simply put, Plaintiff's request for "additional tolling" based on a separate lawsuit must be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion for equitable tolling in its entirety.

Dated:  October 9, 2017

BOND, SCHOENECK & KING, PLLC

By: /s/ Michael E. Hickey
     Sharon M. Porcellio, Esq.
     Katherine S. McClung, Esq.
     Michael E. Hickey, Esq.
     Theresa Rusnak, Esq.

Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
Telephone:  (716) 416-7000
Fax:  (716) 416-7001

350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone:  (585) 362-4700

*Attorneys for Defendants*

1285372.3

11