# FBFG | Finkelstein, Blankinship, Frei-Pearson & Garber, LLP

Andrew G. Finkelstein, P.C. (NY & NJ) *
D. Greg Blankinship (NY & MA)
Jeremiah Frei-Pearson (NY)
Todd S. Garber (NY & CT)

Difie Osborne (NY & NJ)
Antonino B. Roman (NY)
Andrew C. White (NY)
John Sardesai-Grant (NY)
Chantal Khalil (NY)
*Of Counsel*
Duncan W. Clark (NY)
George M. Levy (NY)
Robert J. Camera (NY & NJ)
Joseph P. Rones (NY)
Ronald Rosenkranz (NY) *

George A. Kohl, II (NY & MA)
Andrew L. Spitz (NY)
Elyssa M. Fried-DeRosa (NY)
James W. Shuttleworth, III (NY)
David E. Gross (NY & NJ) *
Mary Ellen Wright, R.N. (NY) *
Kenneth B. Fromson (NY, NJ & PA) *
Nancy Y. Morgan (NY, NJ & PA)
Lawrence D. Lissauer (NY)
Victoria Lieb Lightcap (NY & MA) *
Ann R. Johnson (NY & CT)
Marshall P. Richer (NY)
Edward M. Steves (NY)
Kara L. Campbell (NY & CT)
Mane M. DuSault (NY)
Melody A. Gregory (NY & CT)

Elizabeth A. Wolff (NY & MA)
Robert E. Borrero (NY)
Christine Khalili-Borna Clemens (NY & CA)
Brian D. Acard (NY)
Vincent J. Pastore (NY & NJ)
Amber L. Camic (NY)
Christopher R. Camastro (NY & NJ)
Cynthia M. Maurer (NY & NJ)
Michael Feldman (NY & NJ) *
Raye D. Futerfas (NJ)
Linda Armatti-Epstein (NY)
David Akerib (NY)
Frances M. Bova, R.N. (NY & NJ)
Gustavo W. Alzugaray (NY)
Sharon A. Scanlan (NY & CT)
Marc S. Becker (NY)

Antonio S. Grillo (NY & NJ)
Narine Galoyan (NY)
Jonathan Minkove (NJ & MD)
Crystal Dozier (NY & NJ)
Vincent J. Rossillo (NY)
Pamela Thomas (NY & CT)
Donald A. Crouch (NY & CT)
Karen O'Brien (NY)
David Stauber (NY)
Jennifer Safier (NY & NJ)
Thomas P. Welch (NY)
Annie Ma (NY & NJ)
Howard S. Lipman (NY)

Robin N. D'Amore (NY)
Nicole Murphy (NY)
Rodrigo Arcuri (NY)
Kevin D. Burgess (NY)
Warren C. George (NY)
Sarah Vulcano (NY)
Krista Rose (NY & NJ)
Yola Ghaleb (NY)
Marvin Anderman, P.C. (NY)
Frank R. Massaro (NY)
Kenneth G. Bartlett (CT & NJ)

October 12, 2017

**VIA FAX AND EMAIL**
The Honorable Marian W. Payson
United States Magistrate Judge
100 State Street
Rochester, New York 14614
Telephone: (585) 613-4080
Fax: (585) 613-4085

[RECEIVED OCT 12 2017 MARIAN W. PAYSON U.S. Magistrate Judge Western District of New York]

Re: *Beebe v. V&J National Enterprises, LLC, et al.*, 6:17-cv-6075-EAW-MWP

Dear Judge Payson:

We represent Plaintiff Jacqueline Beebe in the above-captioned matter. We write to respectfully request that the Court extend Plaintiff's deadline to amend the pleadings and join additional parties to "30 days after the Court issues a final ruling on Plaintiff's Emergency Motion (Dkt. No. 81)." The current deadline for Plaintiff to amend the pleadings and join additional parties is October 16, 2017. Dkt. No. 28. Counsel have conferred and Defendants V&J National Enterprises, LLC, V&J United Enterprises, LLC, V&J Employment Services, Inc., and V&J Holding Companies, Inc. (collectively "Defendants") do not object to extending the deadline to amend the pleadings, but do object to extending the deadline to join additional parties. An extension of both deadlines is necessary for four reasons.

First, Plaintiff needs additional time to take discovery in order to determine whether and how to amend the pleadings and/or join additional parties. Plaintiff served document requests on March 23, 2017. However, at Defendants' request, Plaintiff consented to multiple extensions of Defendants' deadline to produce responsive documents, such that documents are now due on October 31, 2017. Thus, Plaintiff has not yet received any responsive documents and, as a result, have been unable to take any depositions. Plaintiff needs this basic discovery in order to determine whether and how to amend the pleadings and/or join additional parties.

Second, an extension is necessary because Plaintiff expects that significant case developments will occur in or after mid-November. Plaintiff recently learned that Defendants violated the Fair Labor Standards Act and New York Labor Law by systematically forcing delivery drivers to attend meetings at Defendants' corporate headquarters where high-level management made the drivers sign a document purporting to waive their right to participate in this litigation in exchange for $250.00. Dkt. No. 81. Plaintiff has moved for a Temporary Restraining Order and other relief. *See id.* Judge Wolford issued a Temporary Restraining Order and deferred ruling on several important issues until after an evidentiary hearing, which Judge Wolford set for November 17. Dkt. No. 84. Plaintiff will likely amend her pleadings to add additional claims, and, possibly, additional parties, based on Defendants' conduct. However,

{00287948 }

the scope of those amendments and identity of the additional parties may well be affected by Judge Wolford's ruling and by testimony at the evidentiary hearing, so it makes sense to delay the deadlines to amend and join parties until after Judge Wolford has ruled on Plaintiff's motion.[1]

Third, an extension is necessary to ensure that Defendants are not rewarded for abusing Plaintiff's professional courtesies. Plaintiff has consented to numerous extension requests by Defendants in this case and in the related *Spano* matter. *See* Dkt. No. 18; *Spano v. V&J*, No. 17-06074, Dkt. Nos. 7, 26, 27, 28, 34, 45, 46. When requesting these extensions, Defendants indicated they would provide reciprocal courtesies to Plaintiff. Thus, Plaintiff agreed to extend Defendants' time to respond to Plaintiff's discovery requests with the understanding that Plaintiff would not be prejudiced by such an extension. However, having obtained significant discovery extensions, Defendant now seeks to force Plaintiff to decide whether to join parties and which parties to join without the benefit of reviewing any of Defendants' documents or taking any depositions. Defendants' latest attempt to take advantage of Plaintiff's counsel's professional courtesy should not be countenanced. *See, e.g., Crespo v. Sky Chefs, Inc.*, No. 0223260, 2003 WL 22466213, at *3 (S.D. Fla. Oct. 8, 2003) (sanctioning plaintiff for taking "advantage of defendant's counsel's courtesy" where the defendant granted discovery extensions only to have plaintiff seek to use those extensions to attempt to take an unfair litigation advantage).[2]

Finally, the Court originally set the deadline for Plaintiff to amend her complaint and join additional parties on the same date, Dkt. No. 28, and Defendants have not offered any coherent reason why the deadlines should now be uncoupled. Indeed, the close of discovery is not for many months, it is difficult to see how Defendants could be prejudiced by the extension. Accordingly, Plaintiff respectfully requests that the Court extend Plaintiff's deadline to amend the pleadings and join additional parties to "30 days after the Court issues a final ruling on Plaintiff's Emergency Motion (Dkt. No. 81)."

---

[1] Shortly after forcing drivers to sign waivers, Defendants sold all of their Pizza Hut stores. Plaintiff served discovery about this sale immediately after learning that it occurred. However, Plaintiff requires time to determine, *inter alia*, the scope of this sale, the identity of the buyer(s), whether the inadequate reimbursement policies have continued under the new ownership, and if joinder of the new owner(s) or other parties involved in the sale is appropriate.

[2] Unfortunately, this is not the first time Defendants have tried to take advantage of Plaintiff's courtesies. The equitable tolling motion, Dkt. No. 62, is instructive. Plaintiff recently moved for equitable tolling due, in part, to Defendants' failure to timely provide Plaintiff with the collective list. *Id.* Defendants repeatedly requested that Plaintiff confer with Defendants about the collective list and Plaintiff did, in fact, confer with Defendants' counsel on several occasions to try to resolve the issues that necessitated equitable tolling (such as Defendants' frivolous claim that the collective list need not include ZIP codes) without Court intervention. Yet, in opposing Plaintiff's equitable tolling motion, Defendant has argued that "if Plaintiff wanted the list by a specific deadline, she could have requested such a deadline." Dkt. No. 87 at 7. In short, Defendants ignored the Court's Order requiring it to "promptly" produce the collective list, Dkt. No. 44, falsely represented to Plaintiff that they would produce the list "soon," and then blamed Plaintiff for trusting that Defendants would abide by the Court's original order and honor its representations to opposing counsel.

{00287948 }

Plaintiff thanks Your Honor for your consideration of this request.

Respectfully Submitted,

*/s/ Jeremiah Frei-Pearson*
Jeramiah Frei-Pearson
**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**
445 Hamilton Avenue, Suite 605
White Plains, New York 10601
Tel: (914) 298-3281
jfrei-pearson@fbfglaw.com

cc: Counsel for Defendant (via Email)

> Counsel for defendants shall respond to this letter by no later than 10/18/17.
>
> SO ORDERED
> Marian W Payson
> US magistrate judge
> 10/13/17

{00287948}