**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

---

JACQUELINE BEEBE, individually and on
behalf of all others similarly situated,

Plaintiff,

v.

V&J NATIONAL ENTERPRISES, LLC,
V&J UNITED ENTERPRISES, LLC, V&J
EMPLOYMENT SERVICES, INC., and
V&J HOLDING COMPANIES, INC.,

Defendants.

Case No. 6:17-cv-06075-EAW-MWP

Class / Collective Action

---

**STIPULATION AND [PROPOSED] ORDER
WITHDRAWING PLAINTIFF'S EMERGENCY MOTION FOR A
PROTECTIVE ORDER, PRELIMINARY INJUNCTION, TEMPORARY
RESTRAINING ORDER, AND SANCTIONS AND PROVIDING RELIEF**

Plaintiff Jacqueline Beebe ("Plaintiff"), individually and on behalf of others similarly

situated, and Defendants V&J National Enterprises, LLC, V&J United Enterprises, LLC, V&J

Employment Services, Inc., and V&J Holding Companies, Inc., (Collectively "Defendants")

(together with Plaintiff "the Parties"), by and through their undersigned counsel, hereby

stipulate, agree, and jointly request the relief described below.

WHEREAS, on September 6, 2017, Defendants held meetings with current delivery

driver employees offering such drivers \$250 in exchange for signing documents purporting to

waive certain claims against Defendants;

WHEREAS, on September 28, 2017, after learning of these meetings, Plaintiff filed an

Emergency Motion for a Protective Order, Preliminary Injunction, Temporary Restraining Order,

and Sanctions (ECF No. 81);

1

WHEREAS, on September 29, 2017, the Court held a telephone conference with the Parties concerning Plaintiff's Emergency Motion and the content of Plaintiff's proposed Temporary Restraining Order;

WHEREAS, on October 4, 2017, the Court granted in part Plaintiff's proposed Temporary Restraining Order, deferred ruling on Plaintiff's request for a protective order, preliminary injunction, and sanctions, and set a briefing schedule on these remaining requests for relief (ECF No. 84);

WHEREAS, the Parties engaged in discovery regarding the issues raised in Plaintiff's Emergency Motion and began negotiations on resolving these issues;

WHEREAS, briefing on Plaintiff's Emergency Motion was completed on October 27, 2017 (ECF Nos. 94-96, 98);

WHEREAS, the Court heard Oral Argument on Plaintiff's Emergency Motion on November 6, 2017 and confirmed the scheduling of an Evidentiary Hearing on Plaintiff's Emergency Motion for November 17, 2017 at 10:00 am (ECF No. 100);

WHEREAS, on November 8, 2017, after ongoing negotiation, the Parties reached agreement on the terms embodied in this Stipulation and Proposed Order;

IT IS THEREFORE STIPULATED between the Parties that:

1.      Plaintiff hereby withdraws her Emergency Motion for a Protective Order, Preliminary Injunction, Temporary Restraining Order, and Sanctions (ECF No. 81) without prejudice to Plaintiff renewing her motion to invalidate the releases at a later date after V&J's liability, if any, has been determined in this case or making a motion to amend her complaint to add claims for retaliation.

2

2.    Plaintiff hereby withdraws her previously noticed 30(b)(6) Deposition of Defendants concerning the waiver meetings;

3.    The Parties jointly request that the Court cancel the Evidentiary Hearing currently scheduled for November 17, 2017 at 10:00 a.m. and the injunctive relief set forth in the Court's October 4, 2017 Order (ECF No. 84) to the extent such injunctive relief is still applicable.

4.    Defendants shall provide to Plaintiff, within five (5) business days of entry of this Order, a list of all delivery drivers employed by Defendants during the time from August 3, 2017 to September 6, 2017 (the "Re-Noticed Drivers").

5.    Plaintiff shall, by November 9, 2017, provide Defendants with a proposed revised notice;

6.    The Parties shall, by November 16, 2017 jointly submit to the Court a mutually-agreed upon proposed revised notice to be sent to all identified Re-Noticed Drivers, or their respective proposed versions of the revised notice if agreement cannot be reached by that date.

7.    The revised notice shall contain language to the effect of: "The $250 waiver V&J offered does not waive your FLSA claims; you have the right to opt-in to this FLSA action; and your employer may not retaliate against you for exercising that right." The revised notice shall also contain language to the effect of: "Although the Court has not decided V&J's liability, Plaintiff's counsel represents that the average recovery for individual drivers in six similar cases was approximately $1,764. There is no guarantee as to what your recovery, if any, will be in this case."

8.    Once a final version of the revised notice is approved by the Court, Plaintiff shall mail copies to all Re-Noticed Drivers.

3

9.     The Re-Noticed Drivers shall have 45 days from the date the revised notice is mailed to respond and the opt-in period shall be held open for the Re-Noticed Drivers for those 45 days.

10.     The statute of limitations for each Re-Noticed Driver's claims under the FLSA shall be tolled from September 5, 2017 until the date the Re-Noticed Driver files a Consent to Become a Party Plaintiff form or until the expiration of the 45 day re-noticing period[1], whichever is earlier.

| | |
|---|---|
| **FINKELSTEIN, BLANKINSHIP,** | **BOND, SCHOENECK** |
| **FREI-PEARSON & GARBER, LLP** | **& KING, PLLC** |

By:                                                       By:

*/s/ Jeremiah Frei-Pearson*                             */s/Sharon M. Porcellio*
Jeremiah Frei-Pearson                                 Sharon M. Porcellio
(WDNY No. 4232922)                                    Avant Building, Suite 900
445 Hamilton Avenue, Suite 605                        200 Delaware Avenue
White Plains, New York 10601                          Buffalo, New York 14202-2107
Tel: (914) 298-3281                                   Tel: (716) 416-7044
Fax: (914) 824-1561                                   sporcellio@bsk.com
jfrei-pearson@fbfglaw.com

                                                       *Attorneys for Defendants*

*Attorneys for Plaintiff*
*and the Putative Class*

SO ORDERED on this   9th   day of   November   2017

Elizabeth A. Wolford
United States District Judge

---

[1] This tolling is without prejudice to Plaintiff's pending motion for equitable tolling, ECF No. 62.

1291931.2