UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JACQUELINE BEEBE,

                Plaintiff,                Civil Action No.
                                                      6:17-cv-06075-EAW

    v.

V&J NATIONAL ENTERPRISES, LLC, et al.,

                Defendants.

---

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR APPOINTMENT OF INTERIM LEAD COUNSEL

BOND, SCHOENECK & KING, PLLC
Sharon M. Porcellio, Esq.
Michael E. Hickey, Esq.
Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
Telephone:  (716) 416-7000
Fax:  (716) 416-7001

Katherine S. McClung, Esq.
Theresa Rusnak, Esq.
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone:  (585) 362-4700
Fax:  (585) 362-4701

*Attorneys for Defendants*

## PRELIMINARY STATEMENT

Defendants V&J National Enterprises, LLC, V&J United Enterprises, LLC, V&J Employment Services, Inc., and V&J Holding Companies, Inc. (collectively, "Defendants") submit this Memorandum of Law in opposition to Plaintiff Jacqueline Beebe's motion to appoint her attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP, as interim lead counsel for the putative class in this case. As discussed below, the appointment of interim lead counsel is unnecessary and premature. Accordingly, Plaintiff's motion should be denied.

## ARGUMENT

Federal Rule of Civil Procedure 23(g)(3) provides that the "court may designate interim [class] counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Plaintiff must show that the appointment "is necessary to protect the interests of the putative class." Notes of Advisory Committee on 2003 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 23. To make such a showing, a plaintiff must generally show that "there are 'a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated,' with multiple attorneys vying for class counsel appointment." *Sullivan v. Barclays PLC*, 2013 U.S. Dist. LEXIS 83886, at *3 (S.D.N.Y. June 10, 2013) (quoting MANUAL FOR COMPLEX LITIG. (FOURTH) § 21.11 (2004)).

Here, while Plaintiff's motion praises her attorneys' ability to represent a class that has yet to be certified (or even be the subject of a motion to certify), Plaintiff has not shown any need for the appointment of interim class counsel in this case. Plaintiff merely states that her "[m]otion is necessary because Plaintiff recently learned that another case with overlapping putative class claims against V&J has been filed." (Pl. Brief, p. 1). Beyond making this vague

and conclusory claim, Plaintiff provides no explanation as to why she believes it is necessary for the Court to issue a ruling in this case that would impact the rights of parties and attorneys involved in an entirely separate case (*Bordeau et al. v. V&J Employment Services, Inc. et al.*, 17-cv-188), which is pending before a different court (the Northern District of New York).

Appointing class counsel at this time is simply not necessary; therefore, Plaintiff's motion should be denied. This is not a situation where there are "a number of overlapping, duplicative, or competing suits pending in other courts…[that] may be consolidated." *Sullivan*, 2013 U.S. Dist. LEXIS 83886, at *3. While there is a similar case pending in the Northern District, there is no pending motion for consolidation. Thus, the pendency of that case provides no basis for the appointment of interim class counsel in this case. *See Gedalia v. Whole Foods Mkt. Servs., Inc.*, 2014 U.S. Dist. LEXIS 137427, at *6-7 (S.D. Tex. Sep. 29, 2014) (denying motion for appointment of interim class counsel where no motion for consolidation of cases was pending); *Trombley v. Bank of Am. Corp.*, 2010 U.S. Dist. LEXIS 128784, at *5 (D.R.I. Dec. 1, 2010) (denying motion to appoint interim class counsel where class actions were pending in separate jurisdictions and were not being consolidated); *Parrish v. Nat'l Football League Players, Inc.*, 2007 U.S. Dist. LEXIS 43732, at *26 (N.D. Cal. June 4, 2007) (denying motion for appointment of interim class counsel where "[n]o consolidation with other actions is on the horizon").

The cases cited by Plaintiff support this same conclusion. For example, in *Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS 28607 (S.D. Ill. May 10, 2006), which Plaintiff cites in her brief, the Court stated that its "research indicate[d] that the kind of matter in which interim counsel is appointed is one where a large number of putative class actions have been consolidated or otherwise are pending in a single court." *Id.* at *4-5 (collecting cases). No cases

have been consolidated with this case, and the other case identified by Plaintiff (the *Bordeau* case) is not pending in this Court. Thus, as the court explained in *Donaldson*, this is simply not the kind of matter in which interim counsel is appointed.

Further, there are not "multiple attorneys vying for class counsel appointment." *Sullivan*, 2013 U.S. Dist. LEXIS 83886, at *3. Only Plaintiff's attorneys have filed a motion to be appointed interim class counsel. While Plaintiff states that the plaintiffs' counsel in the *Bordeau* case was provided with a copy of her motion papers, the plaintiffs' counsel in *Bordeau* has not appeared in this matter and has yet to be heard on this motion. It is entirely unnecessary (and, as discussed below, potentially prejudicial) for Plaintiff's counsel to be appointed interim class counsel under these circumstances. *See Gedalia*, 2014 U.S. Dist. LEXIS 137427, at *5 ("[C]ourts have denied designation of interim counsel where no competition between law firms existed."); *Donaldson*, 2006 U.S. Dist. LEXIS 28607, at *5 (Because "there [was] only a single putative class action before the Court in which only a single law firm [sought] appointment as class counsel" the court denied the motion to appoint class counsel, stating that "the Court prefers to take up the matter of adequacy of representation and appointment of class counsel at such time as Plaintiffs may seek class certification.").

Unlike here, in many of the cases cited by Plaintiff where motions for interim class counsel were granted, multiple lawyers sought designation in the specific, consolidated case pending before the Court. *See, e.g., In re Crude Oil Commodity Futures Litig.*, 2012 U.S. Dist. LEXIS 23084, at *5 (S.D.N.Y. Feb. 14, 2012) ("Three groups of plaintiffs in this [consolidated] putative class action move for the appointment of interim class counsel."); *In re Air Cargo Shipping Servs. Antitrust Litig.*, 240 F.R.D. 56, 57 (E.D.N.Y. 2006) (ruling on four firms' applications to be appointed interim class counsel in a case where "multiple overlapping and

3

duplicative class actions [had] been transferred to a single district"). In the absence of any competing claims for class counsel in this case, Plaintiff's request for an interim appointment should be denied.

Notably, Plaintiff has also failed to explain what her attorneys would do as interim class counsel to protect the interest of putative class members that they cannot do without such a designation. In fact, there is no reason Plaintiff's attorneys cannot continue in their present representation of her and their purported pursuit of class certification without an unnecessary designation as interim class counsel.

Plaintiff has shown no prejudice to the putative class in the event her motion is denied. To the contrary, premature granting of interim counsel designation may prejudice the class. *See* Notes of Advisory Committee on 2003 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 23 (suggesting courts defer appointment to "facilitate[] competing applications" in order to "afford the best possible representation for the class."). Plaintiff's motion has the potential to effectively deprive the plaintiffs in the *Bordeau* case of their right to become a class representative and at least hinder their attorneys' right to be appointed class counsel before Plaintiff has even requested (let alone been granted) class certification in this case. As such, in addition to being unnecessary, Plaintiff's motion is a premature request that seeks to have this Court dictate the rights of parties and attorneys in a separate case pending in a different district and effectively usurp the Northern District's authority to manage a case pending before it. Further, granting Plaintiff's request would unnecessarily complicate the *Bordeau* case (and possibly this case as well), since Plaintiff is only seeking to appoint interim class counsel for a portion of the claims asserted in the *Bordeau* case. (*See* Pl. Brief, p. 2 ("Plaintiff seeks to have her counsel appointed lead only for the under-reimbursement claims.")).

4

In short, it is unnecessary, potentially prejudicial, and otherwise problematic to appoint Plaintiff's attorneys as interim class counsel in this case. Plaintiff's attorneys are entitled to continue in their current representation of her and seek class certification at a later point in this case. They can certainly seek to be appointed class counsel in connection with any such class certification motion. Granted, there are still many hurdles for her to clear before she can reach that point. Not only will she need to satisfy the requirements of Rule 23 to obtain class certification, but she will also need to survive Defendants' pending motion for judgment on the pleadings (Dkt. No. 38), which is set for oral argument on February 5, 2018. For the reasons discussed above, it is unnecessary to appoint interim class counsel in this case before Plaintiff has cleared those hurdles and obtained class certification.

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to appoint her attorneys as interim lead counsel for the putative class should be denied.

Dated:  December 8, 2017                    BOND, SCHOENECK & KING, PLLC

By:    s/Michael E. Hickey
Sharon M. Porcellio, Esq.
Katherine S. McClung, Esq.
Michael E. Hickey, Esq.
Theresa Rusnak, Esq.

Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
Telephone:  (716) 416-7000
Fax:  (716) 416-7001
*Attorneys for Defendants*