UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JACQUELINE BEEBE, individually and on behalf of all others similarly situated,<br><br>                                   Plaintiff,<br><br>v.<br><br>V&J NATIONAL ENTERPRISES, LLC, V&J UNITED ENTERPRISES, LLC, V&J EMPLOYMENT SERVICES, INC., and V&J HOLDING COMPANIES, INC.,<br><br>                                   Defendants. | **AFFIRMATION OF SHARON M. PORCELLIO IN SUPPORT OF MOTION TO WITHDRAW**<br><br>Civil Action No.<br>6:17-cv-06075-EAW-MWP |

_____

SHARON M. PORCELLIO, an attorney admitted to practice in the State of New York and Western District of New York, affirms the following under the penalties of perjury:

1.    I am a member of BOND, SCHOENECK & KING, PLLC (hereinafter "BSK"), counsel for the Defendants in the above-referenced case, *Beebe v. V&J National Enterprises, LLC, et al.*

2.    I make this Affirmation in support of BSK's motion to withdraw from representation of the Defendants and to be relieved as attorneys of record in this case. On behalf of BSK, I will be making the same motion in *Spano v. V&J National Enterprises, LLC et al.,* 6:16-cv-06419-EAW-MWP, also pending (although currently stayed) in the Western District of New York before the same District Court Judge and Magistrate Judge.

3.    In addition, the attorneys for the plaintiffs in both of these cases are the same.

4.    As this Court is aware, an appeal is currently pending at the Second Circuit in the *Spano* matter, and BSK intends to withdraw as counsel in the Second Circuit appeal as well.

8

5. Furthermore, there is an additional case pending in the Northern District of New York, *Bordeau et al. v. V&J Employment Services, Inc. et al.*, No. 1:17-cv-188 (BKS) (CFH), which is substantially similar to the aforementioned cases. BSK also represents the Defendants in that matter, and consequently, intends to move to withdraw as counsel for the Defendants in that Northern District case as well.

## History and Status of the Case

6. The Plaintiff filed the Complaint in *Beebe* on February 1, 2017. (Dkt. #1).

7. On or about February 22, 2017, I filed my notice of appearance. (Dkt. #4).

8. Although this putative class and collective action is not yet a year old, the attorneys have appeared before the Court on numerous occasions.

9. This Court conditionally certified the case as an FLSA collective action. (Dkt. #41).

10. The attorneys for the parties have appeared before this Court in person and by telephone on a number of occasions since then. For example, on June 22, 2017, the parties appeared before the Court in connection with the collective action notice. (*See* Dkt. #47). On August 3, 2017, the parties again appeared before the Court to address issues related to the list of potential recipients of the collective action notice. (*See* Dkt. #56). On November 6, 2017, the parties appeared for a motion hearing related to Plaintiff's Emergency Motion for a Preliminary Injunction, Sanctions, and other relief. (*See* Dkt. #100).

11. Currently, this Court has scheduled oral argument on January 17, 2018 and February 5, 2018 to hear three fully briefed motions. (*See* Dkt. #110 (scheduling oral argument for Dkt. ##38/42 and 62) and Dkt. #117 (scheduling oral argument for Dkt. #103)).

12. Despite the pending motions and upcoming oral argument, this is an appropriate time to grant this motion to withdraw as counsel.

13. This case is still in the early stages. We are certainly not on the eve of trial.

14. The opt-in period for members of the collective action just concluded earlier this month. Plaintiff has served, and Defendants have responded to, paper discovery. However, Defendants' document production is still in the early stages because, among many other reasons, the members of the collective have just been identified and joined this action.

15. In addition, while the parties have begun discovery, they are not in agreement as to the scope and content of Defendants' production of items requested by Plaintiff. The attorneys spoke on Friday, January 5, 2018 about outstanding items, and Plaintiff's counsel has summarized that call in a letter dated January 10, 2018. The parties have agreed to try to "finalize" their positions relative to Defendants' document production in 30 days.

16. Defendants have not yet served document requests on Plaintiff or the members of the collective action (most of whom have just recently opted in) related to the substantive issues in this case.

17. No depositions have been held, and no depositions are currently noticed or scheduled.

18. The pending motions pertain primarily to non-substantive issues. For instance, the motion scheduled for hearing on January 17, 2018, pertains to Plaintiff's request for the appointment of their attorneys as interim class counsel. (*See* Dkt. #103). The motions scheduled for hearing next month, on February 5, 2018, pertain to Plaintiff's request for equitable tolling (Dkt. #62) and Defendants' request for judgment on the pleadings (Dkt. ##38/42).

8

19. If this request for withdrawal is granted, Defendants will have sufficient time to find substitute counsel to cover these motion hearings, especially given the substance of the motions and the fact that they have already been fully briefed by the parties.

20. Without minimizing the efforts of the Court and litigants in this case so far, and with a full understanding of the interests of the Court and litigants in moving forward, it is respectfully submitted that this case is still in the early stages. Thus, Defendants will not be prejudiced and this litigation will not be unduly delayed by the Court granting this motion.

21. I have advised the Defendants that I am making this Motion, and a draft of these motion papers have been provided to them.

### **Request for Relief**

22. For professional considerations and pursuant to Rule 1.16 of the New York Professional Rules of Conduct, BSK now seeks to withdraw as counsel for the Defendants in the *Beebe* case. To further support this motion, it is respectfully requested that we be permitted to disclose, *in camera,* confidential, attorney-client protected documents and communications. I respectfully request that this Court order that I be permitted to submit, *in camera,* the necessary detailed confidential attorney-client protected information pursuant to Local Rule 83.2(d)(1).

WHEREFORE, BSK respectfully requests that this Court enter an Order permitting Bond, Schoeneck & King, PLLC to withdraw as counsel and be relieved as attorneys of record for the Defendants in the above-captioned case.

Dated: January 12, 2018

/s/ *Sharon M. Porcellio*
Sharon M. Porcellio