UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JACQUELINE BEEBE,

                         Plaintiff,                    Civil Action No.
                                                       6:17-cv-06075-EAW

            v.

V&J NATIONAL ENTERPRISES, LLC, et al.,

                         Defendants.

---

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL REPLY IN
SUPPORT OF HER MOTION FOR APPOINTMENT OF INTERIM CLASS COUNSEL**

BOND, SCHOENECK & KING, PLLC
Sharon M. Porcellio, Esq.
Michael E. Hickey, Esq.
Avant Building – Suite 900
200 Delaware Avenue
Buffalo, New York 14202-2107
Telephone:  (716) 416-7000
Fax:  (716) 416-7001

Katherine S. McClung, Esq.
Theresa Rusnak, Esq.
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone:  (585) 362-4700
Fax:  (585) 362-4701

*Attorneys for Defendants*

# ARGUMENT

Pursuant to the Court's January 24, 2018 Order, Defendants V&J National Enterprises, LLC, V&J United Enterprises, LLC, V&J Employment Services, Inc., and V&J Holding Companies, Inc. (collectively, "Defendants") submit this Response to Plaintiff's supplemental reply in support of her motion to appoint her attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG"), as interim class counsel. As explained below, Defendants object to Plaintiff's unwarranted and unsupported attack on the legitimacy of their opposition to the appointment of interim class counsel. Defendants' opposition is more than legitimate. The overwhelming weight of authority favors the denial of Plaintiff's motion.

Plaintiff filed her motion to appoint her attorneys as interim class counsel on November 15, 2017. (Dkt. #103). Defendants filed their opposition on December 8, 2017.(Dkt. #114).  In their opposition papers, Defendants objected to Plaintiff's motion on the basis that the request for an interim appointment of class counsel was premature and unnecessary. Oral argument was held relative to this motion on January 17, 2018.

At the outset of the oral argument, the Court specifically noted that Defendants **did not** object on the basis of Plaintiff's counsel being inadequate under FRCP 23(g)(1) and (4). Rather, as the Court observed, Defendants' objections were focused on the timing of, and lack of necessity for, Plaintiff's motion. The case law appearing in Plaintiff's motion papers and Defendants' opposition confirmed that the appointment of interim class counsel is not necessary where, as is the case here, there are not "a number of overlapping, duplicative, or competing suits pending in other courts…[that] may be consolidated" and there are not "multiple attorneys vying for class counsel appointment." *Sullivan v. Barclays PLC*, 2013 U.S. Dist. LEXIS 83886, at *3 (S.D.N.Y. June 10, 2013); *Donaldson v. Pharmacia Pension Plan*, 2006 U.S. Dist. LEXIS

28607, at \*4-5; (S.D. Ill. May 10, 2006).  In light of that fact, the Court asked if Plaintiff was able to identify any decisions that granted the appointment of interim class counsel where, as is the situation here, there were similar cases pending in other district courts, with no request to consolidate those cases, and only one law firm seeking interim class counsel appointment. Plaintiff identified no such cases during oral argument. The Court granted Plaintiff the opportunity to submit supplemental authority, to the extent it could be located, where a motion for interim appointed was granted under circumstances similar to those present in this case.

On February 2, 2018, Plaintiff submitted her supplemental brief, pursuant to the Court's Order. While Plaintiff identifies a few new cases, which are readily distinguishable as discussed below, Plaintiff also chose to include an unwarranted attack on the legitimacy of Defendants' objections to the appointment of interim class counsel. *See* Dkt. #136, Pl. Supp. Brf., Point III. While Plaintiff clearly wishes Defendants would simply acquiesce to her attorneys' premature and unnecessary appointment as interim class counsel, Defendants have a right to object and, as was made clear at oral argument, their objection is supported by the overwhelming weight of authority.

Significantly, while Plaintiff broadly declares that Defendants' objections should be given "little credence" (at one point comparing Defendants to the proverbial fox in the hen house), the cases she cites provide no support for her declaration. Each of the cases cited by Plaintiff dealt with a defendant's objections to the ***adequacy*** of proposed class counsel under Rule 23(g) in connection with a motion to certify – or decertify – a class action.[1] For instance, in

---

[1] In one of those cases, the court agreed with the defendants' objections and ruled that the proposed class counsel was, in fact, inadequate. *See Williams v. Balcor Pension Inv'rs*, 150 F.R.D. 109, 120 (N.D. Ill. 1993) ("Beigel & Sandler's failure to make a reasonable inquiry into the adequacy of the proposed class representatives, as well as its overall handling of this litigation, establish its inadequacy to date as class counsel.").

the only Western District case cited by Plaintiff, *Mendez v. The Radec Corp.*, 260 F.R.D. 38 (W.D.N.Y. 2009), the defendants raised concerns with the adequacy of proposed class counsel in connection with their motion to decertify a previously-certified class action. It was only in that context – which is entirely different than what is being dealt with here – that the court stated that "objections by defendants to the adequacy of class counsel sometimes need to be taken 'with a grain of salt.'" *Mendez*, 260 F.R.D. at 43.[2]

Here, Defendants have not objected to the adequacy of Plaintiff's attorneys serving as class counsel. As stated above, the Court specifically noted that fact at the outset of the January 17, 2018 oral argument. The substance of Defendants' objections – that Plaintiff's motion is premature and unnecessary – is clear from their initial opposition papers. Moreover, unlike the cases cited by Plaintiff, Defendants' objections are not made in response to a motion for class certification or in connection with a motion for decertification. Rather, they are made in response to Plaintiff's premature and unnecessary motion for the appointment of interim class counsel. A class has yet to be certified in this case.

Plaintiff certainly knows the nature and context of Defendants' objections.  Yet, that did not stop her from attacking the legitimacy of Defendants' objections based solely upon inapplicable case law. Under certain circumstances, it may be warranted for a court to discount a defendant's objections to the ***adequacy*** of class counsel. However, the ***timing and necessity*** of appointing interim class counsel is an entirely different matter. Where a motion for interim appointment is premature or unnecessary, the motion should be denied.

---

[2] When Plaintiff cites to *Mendez*, she quotes the court's "grain of salt" observation but conveniently fails to include or mention that the observation was specifically made in reference to a defendant's objections to the ***adequacy*** of the proposed class counsel.

Here, Defendants' objections to the timing and necessity of Plaintiff's motion are more than legitimate. They warrant the denial of Plaintiff's motion. As this Court recognized at oral argument, Defendants' objections to the appointment of interim class counsel in this case are supported by the overwhelming weight of authority. As explained in Defendants' initial memorandum of law in opposition to Plaintiff's motion, and as set forth in the cases cited by Plaintiff and Defendants in their initial memoranda related to this motion, to establish the appointment of interim class counsel is necessary, a plaintiff must generally show that "there are 'a number of overlapping, duplicative, or competing suits pending in other courts, and some or all of those suits may be consolidated,' with multiple attorneys vying for class counsel appointment." *Sullivan*, 2013 U.S. Dist. LEXIS 83886, at *3 (quoting MANUAL FOR COMPLEX LITIG. (FOURTH) § 21.11 (2004)). Plaintiff cannot make such a showing here because none of those circumstances is present.

In her supplemental submission, Plaintiff cites three cases from outside the Second Circuit (two from district courts in California and one from Missouri), which she claims run counter to the weight of authority and support the appointment of class counsel in this case. However, the three new cases cited by Plaintiff should not be followed because they are from district courts outside of this Circuit, represent the minority view, and are readily distinguishable from this case. In *Melgar v. Zicam, LLC*, 2014 U.S. Dist. LEXIS 153770, 2014 WL 5486676 (E.D. Cal. Oct. 29, 2014), the motion for interim appointment of class counsel was unopposed. As such, the timing or necessity of the motion was not challenged. Those issues were not even discussed in the decision. *See id.* In *S.E. Missouri Hosp. v. C.R. Brand, Inc.*, 2007 U.S. Dist. LEXIS 86392, 2007 WL 4191978 (E.D. Mo. Nov. 21, 2007), there was more than one law firm named in the pleadings as representing the putative class. The court found it necessary to appoint

interim class counsel in order to "clarify who bears the responsibility for protecting the interests of the putative class." *Id.* at * 5. Here, only one law firm is named in the pleadings. There is no need for clarification as to who represents the putative class in this case. Finally, in *Gallagher v. Bayer AG*, 2015 U.S. LEXIS 109807, 2015 WL 4932292 (N.D. Cal. Aug. 18, 2015), the court does not discuss whether more than one law firm was seeking appointment as class counsel. *Id.* at *23-25. If there was only one law firm, then the court ignored the general rule that appointment of interim class counsel is necessary only where there are "multiple attorneys vying for class counsel appointment." *Sullivan*, 2013 U.S. Dist. LEXIS 83886, at *3. Here, only one law firm is seeking class counsel appointment. Thus, based on the general rule, an interim appointment is unnecessary.

Plaintiff cites three cases from within this Circuit, but those cases all involve an **unopposed** motion for the appointment of interim class counsel. In fact, in *Park v. The Thomson Corp.*, 05-cv-2931, Dkt. #70 (S.D.N.Y. Dec. 20, 2006),[3] the parties stipulated to the appointment of interim class counsel, and the court simply "so ordered" their stipulation. *See id.* In *Anwar v. Fairfield Greenwich Ltd.*, 2009 U.S. Dist. LEXIS 7725 (S.D.N.Y. Jan. 30, 2009), several actions were being consolidated (which, as discussed, is not the case here), thus requiring the court to review the various law firms involved and appoint interim co-lead counsel. No opposition to the appointment of interim class counsel was filed in that case. *See generally* Docket Sheet for *Anwar v. Fairfield Greenwich Ltd.*, 09-cv-001188. In *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, 13-cv-3073, Dkt. #34 (S.D.N.Y. June 26, 2014), the court issued an unreported order granting the plaintiffs' unopposed motion with no discussion of the timing or necessity of appointing interim class counsel. *See id.*, Dkt. #34 (the court's decision); Dkt. #29

---

[3] The unreported docket entries referenced in this memorandum are appended for the Court's reference.

(memo of law by FBFG (same plaintiff's counsel as this case) noting that the motion was "unopposed"). Because they dealt with unopposed motions, the *Park*, *Anwar*, and *Goldemberg* cases contained no analysis or discussion of the objections raised by Defendants here (i.e. that Plaintiff's motion is premature and unnecessary).

Further, Plaintiff cites *Goldemberg* solely for the proposition that "Federal Courts in New York have appointed interim lead counsel while recognizing that the same claim against the same defendant was pending in another district." *See* Dkt. #136, Pl. Supp. Brf., p. 3. However, nowhere in the *Goldemberg* decision on the appointment of interim class counsel does the court "recognize" or even mention any other pending case.[4] Plaintiff's claim that the court made such an observation is inexplicable.

Finally, according to Plaintiff, she originally filed the instant motion after learning of a similar case, the *Bordeau* case, pending in the Northern District of New York. Apparently, Plaintiff feared competition for the role of class counsel and rushed to obtain an interim appointment. Plaintiff's fear has proven to be unwarranted, as there is no competition for the class counsel role. On January 26, 2018, the plaintiffs' counsel in *Bordeau* submitted a letter to this Court clarifying that they do not oppose the appointment of Plaintiff's attorneys, FBFG, as counsel for the class. Dkt. #132. The lack of competition for the role of class counsel conclusively establishes that an interim appointment is unnecessary. *See Gedalia v. Whole Foods Mkt. Servs., Inc.*, 2014 U.S. Dist. LEXIS 137427, at *5 (S.D. Tex. Sep. 29, 2014) ("[C]ourts have

---

[4] While there is no mention of any other pending case in the court's decision, a reference to a similar case pending in the Northern District of Florida can be found in the plaintiff's motion papers in the *Goldemberg* case. However, those same motion papers, which were prepared by FBFG (Plaintiff's counsel in this case), explicitly state that the "[d]efendant has moved to transfer the [Northern District of Florida] action to this Court." *Id.*, Dkt. #29. Thus, unlike here, the potential for consolidation of overlapping cases was present, which is one of the circumstances that may warrant an interim appointment of class counsel. No such consolidation has taken place or been proposed in this case.

6

denied designation of interim counsel where no competition between law firms existed."). Instead, as made clear in a case first cited in Plaintiff's own moving papers, the Court can – and should – wait until it rules on class certification (in the event Plaintiff eventually moves for it) to take up the matter of appointing class counsel. *See Donaldson*, 2006 U.S. Dist. LEXIS 28607, at *5 (Because "there [was] only a single putative class action before the Court in which only a single law firm [sought] appointment as class counsel" the court denied the motion to appoint class counsel, stating that "the Court prefers to take up the matter of adequacy of representation and appointment of class counsel at such time as Plaintiffs may seek class certification.") (first cited in Dkt. #104, Pl. MOL at 3).

## CONCLUSION

For the reasons discussed above, in Defendants' initial opposition papers, and at oral argument, Plaintiff's motion to appoint her attorneys as interim lead counsel for the putative class should be denied.


Dated:  February 9, 2018                 BOND, SCHOENECK & KING, PLLC

                                         By:    s/Michael E. Hickey
                                                Sharon M. Porcellio, Esq.
                                                Katherine S. McClung, Esq.
                                                Michael E. Hickey, Esq.
                                                Theresa Rusnak, Esq.

                                         Avant Building – Suite 900
                                         200 Delaware Avenue
                                         Buffalo, New York 14202-2107
                                         Telephone:  (716) 416-7000
                                         Fax:  (716) 416-7001
                                         *Attorneys for Defendants*

# **<u>APPENDIX</u>**

**COURTESY COPY**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

ANTHONY PARK, Individually on Behalf Of
Himself and On Behalf of All Others Similarly
Situated,

Plaintiffs,

v.

THE THOMSON CORPORATION,

and

THOMSON LEGAL & REGULARTORY INC.,
Defendants.

Civil Action No. 05CV2931(WHP)
"ECF Case"

## PARTIES' STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING APPOINTMENT OF INTERIM CLASS COUNSEL

Whereas the original class action complaint in the above-entitled action was first filed before this Court on March 16, 2005;

Whereas, since the date of the original filing, the parties have engaged in and completed all facts merits discovery, which has included, *inter alia*, production and review of thousands of documents, written discovery by way of interrogatories, depositions of numerous party witnesses as well as of third-parties; and, the parties have submitted several expert reports and taken depositions of the opposing parties' experts;

Whereas, the Court's Scheduling Order set forth that summary judgment briefing would precede briefing on class certification;

Whereas, the parties have fully briefed, argued, and submitted their respective cross-motions for summary judgment, and the Court has taken the matter under advisement following the October 20, 2006 hearing on the summary judgment cross-motions;

Whereas, it has come to the attention of the parties and the Court that an essentially verbatim copy of the instant class action complaint was recently filed on September 29, 2006 as part of an almost identical putative class action case styled as *Arendas v. The Thomson Corp.*, No. 06-cv-1113, filed in the United States District Court for the Middle District of Florida;

Whereas, in contrast to the relatively advanced procedural posture of the instant action, the *Arendas* case is in its infancy, with defendants having only responded to the Second Amended Complaint on October 16, 2006, and no discovery having been produced in that action;

Whereas, pursuant to the local rules of the United States District Court for the Middle District of Florida, the plaintiffs in *Arendas* are to submit their opening class certification brief no later than November 30, 2006;

Whereas, it appears to the parties and to the Court upon its review of the *Arendas* Second Amended Complaint and its review and familiarity with the pleadings and filings in the instant action that the *Arendas* filing seeks to capitalize on the extensive and protracted discovery and pre-trial briefing work done by the parties in the instant action;

Whereas, the instant action seeks to represent a class comprised of all consumers who purchased a BarBri bar review preparation course during the class period within the United States (except for consumers who purchased a bar review preparation course for either the Louisiana or Washington bar examinations); and, the *Arendas* actions seeks to represent a class comprised of all consumers who purchased a BarBri bar review preparation course for the Florida Bar Examination during the class period;

2

Whereas, the Court finds that the overlap in the purported class definitions amongst these two pending cases may lead to potentially prejudicial conflicts with respect to the group of BarBri bar review preparation course purchasers for the Florida bar examination;

Whereas Federal Rule of Civil Procedure 23(g)(2)(A) provides a vehicle for a Court to resolve or ameliorate such a conflict by providing that: "The court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(2)(A)

The parties hereby stipulate and agree, subject to Court approval, that:

1.      Pursuant to Federal Rule of Civil Procedure 23(g)(2)(A), the Court hereby appoints plaintiff Anthony Park's counsel, The Katriel Law Firm, as interim class counsel, and appoints Mr. Park's local class counsel, Murray, Frank & Sailer, as local interim class counsel on behalf of the putative nationwide class of BarBri purchaser's asserted in the operative complaint in this action.

2.      The Court's appointment of The Katriel Law Firm as interim class counsel shall remain in force until such time as the Court enters a ruling on plaintiff's class certification motion. The Court's appointment of The Katriel Law Firm as interim class counsel is an interim designation only, and does not represent any finding by the Court that a class is, has been, or will be certified. The parties represent, and the Court finds that defendants oppose any Order actually granting a class certification motion filed by any plaintiff against defendants.

3.      As appointed interim class counsel, as of the date of entry of this Order,

3

The Katriel Law Firm, and its local interim class counsel, Murray, Frank & Sailer, are hereby charged with representing and protecting the interests of all putative members of the putative national class of BarBri purchasers during the class period (except for purchasers of BarBri bar review preparation courses for the Louisiana or Washington bar examinations), including specifically the consumers who purchased BarBri's bar examination preparation courses for the Florida bar examination. As such, any and all actions that may reasonably have an effect on the rights of these putative class members with respect to any remedies sought in connection with their BarBri bar review purchases shall only be carried out after communication with and obtaining the consent of interim class counsel. It is the intent of this Order, that interim class counsel, The Katriel Law Firm, and its interim local class counsel Murray, Frank & Sailer, shall be the first movants with respect to class certification of the putative national class asserted in the operative class action complaint in this action, so as to minimize the potential for potential conflicts among the instant action and the later-filed *Arendas* class action complaint.

4. For good cause shown, including but not limited to any developments in the *Arendas* action (which is currently the subject of a motion to transfer the action to this Court), the parties may jointly or unilaterally seek leave of Court to amend or rescind any portion of this Stipulation.

Executed this ___ day of November 2006.

Brian P. Murray (BM 9954)
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801

Steven F. Molo (SM 1818)
Shearman & Sterling LLP
599 Lexington Avenue

SO ORDERED:

WILLIAM H. PAULEY III U.S.D.J.
12/18/06

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MICHAEL GOLDEMBERG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>Defendant. | 7:13-cv-03073 (NSR)<br><br>ORDER APPOINTING INTERIM LEAD PLAINTIFF AND INTERIM CO-LEAD CLASS COUNSEL |

NELSON S. ROMÁN, United States District Judge:

WHEREAS, pending before this Court is the above-captioned putative class action, in which Plaintiff Michael Goldemberg ("Plaintiff") alleges that Defendant Johnson & Johnson Consumer Companies, Inc. ("Defendant") unlawfully engages in deceptive and misleading practices in contravention to New York General Business Law section 349 and the common law of New York, and

WHEREAS, there may be later-filed actions raising the same claims,

**NOW, THEREFORE, THE COURT ORDERS** as follows:

A. **Appointment of Interim Lead Plaintiff**

1. The Court appoints Plaintiff Michael Goldemberg as Interim Lead Plaintiff. The Court shall make a final determination regarding the identity of Lead Plaintiff/Class Representative after Plaintiff moves for class certification or at another time the Court deems necessary and appropriate.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/26/2014

**B.** **Appointment of Interim Co-Lead Class Counsel**

2.       The Court appoints the following counsel as Interim Co-Lead Class Counsel:

Todd S. Garber, D. Greg Blankinship, and Finkelstein, Blankinship, Frei-Pearson & Garber,

LLP, and Michael R. Reese, Kim E. Richman, George V. Granade, and Reese Richman LLP.

Interim Co-Lead Class Counsel shall be jointly responsible for coordinating and organizing the

conduct of this litigation and, in particular, shall have the following responsibilities:

a.       To brief and argue motions and file opposing briefs or papers in

proceedings initiated by other parties;

b.       To initiate and conduct discovery proceedings;

c.       To act as spokespersons at pretrial conferences;

d.       To negotiate with defense counsel with respect to all matters, including

settlement;

e.       To conduct pre-trial, trial, and post-trial proceedings;

f.       To consult with and employ experts;

g.       To perform such other duties and undertake such other responsibilities as

they deem necessary or desirable; and

h.       To coordinate and communicate with defense counsel with respect to the

matters this paragraph addresses.

3.       No motion, request for discovery, or other pre-trial proceedings shall be initiated

or filed by any plaintiff except through Interim Co-Lead Class Counsel.

4.       Interim Co-Lead Class Counsel shall be the contact between Plaintiff's counsel

and Defendant's counsel as well as the spokespersons for Plaintiff's counsel and shall call

meetings of and direct and coordinate the activities of Plaintiff's counsel.  Interim Co-Lead Class

Counsel shall also be responsible for communicating with the Court to coordinate the conduct of the litigation, including the receipt and dissemination of Court orders and notices.

5.      The terms of this Order shall not have the effect of making any person, firm, or corporation a party to any action in which he, she, or it has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.  The terms of this Order shall not constitute a waiver by any party of any claims in or defenses to this action.

6.      The Clerk of Court is respectfully directed to terminate this motion (Doc. 28).


Date:   June 26, 2014                           SO ORDERED:
        White Plains, New York

                                    _____
                                    Honorable Nelson Stephen Román
                                    United States District Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MICHAEL GOLDEMBERG, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br><br>        v.<br><br>JOHNSON & JOHNSON CONSUMER COMPANIES, INC.,<br><br>                      Defendant. | Civil Action No. 7:13-cv-03073-NSR |

**MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED**
**MOTION FOR APPOINTMENT OF INTERIM LEAD PLAINTIFF AND**
**CO-LEAD CLASS COUNSEL AND ENTRY OF CASE MANAGEMENT ORDER**

Plaintiff Michael Goldemberg ("Plaintiff") respectfully submits this memorandum of law in support of his unopposed motion for appointment of interim lead plaintiff and co-lead class counsel and entry of a case management order.

## I.   INTRODUCTION

Plaintiff filed the above-captioned action against Johnson & Johnson Consumer Companies, Inc. ("Defendant") on May 7, 2013, alleging that Defendant unlawfully misled Plaintiff and other consumers to believe that its "Aveeno" brand personal care products labeled as "Active Naturals" are made exclusively from natural ingredients, when, in fact, they are not. (Doc. No. 1.)  Consequently, Plaintiff claims Defendant has engaged in deceptive acts and practices in violation of New York General Business Law section 349 ("Section 349"), has breached express warranties, and was unjustly enriched by its unlawful practices.

Defendant moved to dismiss Plaintiff's Complaint on October 9, 2013.  (Doc. No. 9.) After the parties fully briefed the motion, on March 27, 2014, the Court denied dismissal of Plaintiff's claims under Section 349 and for breach of express warranty but granted dismissal of

Plaintiff's unjust enrichment claim.  (Doc. No. 20.)  Thereafter, Plaintiff and Defendant engaged in a meeting pursuant to Federal Rule of Civil Procedure 26(f), negotiated the scope of discovery, and submitted a joint Rule 26(f) report (Doc. No. 26) and an agreed-upon Proposed Civil Case Discovery Plan and Scheduling Order (Doc. No. 26-1).  Plaintiff also served his First Set of Requests for Production of Documents to Defendant and First Set of Interrogatories to Defendant on June 17, 2014.

Because this case has been pending for more than a year and because Plaintiff has successfully defended Defendant's motion to dismiss, among other reasons, the Court should appoint Plaintiff Goldemberg as interim lead plaintiff and Plaintiff's counsel, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP ("FBFG") and Reese Richman LLP ("Reese Richman"), as interim co-lead class counsel.

Moreover, a "copycat" action against Defendant has been pending in the Northern District of Florida for a little over a month, in which the plaintiffs copied Plaintiff Goldemberg's Complaint nearly word for word.  *See Smith v. Johnson & Johnson Consumer Companies, Inc.*, No. 4:14-cv-00223-RH-CAS (N.D. Fla. filed May 5, 2014), Doc. No. 1.  Defendant has moved to transfer the *Smith* action to this Court.  *Id.*, Docs. No. 5, 9.  The appointment of Plaintiff as interim lead plaintiff and his counsel as interim co-lead class counsel will promote judicial efficiency and ensure the orderly and timely prosecution of Plaintiff's claims.

For the reasons set forth herein, Plaintiff Goldemberg respectfully moves this Court for entry of the contemporaneously-filed proposed case management order.

II.   **THE COURT SHOULD APPOINT FINKELSTEIN, BLANKINSHIP, FREI-PEARSON & GARBER, LLP, AND REESE RICHMAN LLP AS INTERIM CO-LEAD CLASS COUNSEL**

Plaintiff respectfully requests that the Court designate his chosen counsel as interim co-lead counsel to represent the class, which will simplify the litigation by minimizing duplication of efforts and fostering the efficient coordination of related actions.

Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, this Court may designate interim counsel to act on behalf of a proposed class prior to a decision on class certification.  "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)."  *In re Municipal Der. Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008).  Those factors are: (1) the work counsel has done in identifying or investigating potential claims in the action; (2) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (3) counsel's knowledge of the applicable law; and (4) the resources that counsel will commit to representing the class.  *Id*. (citing Fed. R. Civ. P. 23(g)(1)(A)).

FBFG and Reese Richman will zealously yet efficiently prosecute the action on behalf of Plaintiff and the class he seeks to represent, and each of the Rule 23(g)(1)(A) factors militate in favor of appointment of FBFG and Reese Richman as interim co-lead class counsel.

As to the first factor, Plaintiff, FBFG, and Reese Richman have initially determined that Defendant was engaging in misleading and deceptive marketing practices with respect to its "Aveeno" brand products by labeling and marketing them as "Active Naturals" when the products contained synthetic ingredients.  Plaintiff was the first to file a lawsuit against Defendant due to its false and misleading labeling, packaging, and advertising of its Aveeno "Active Naturals" products.  This factor can be outcome determinative, particularly where any

later-filed actions will necessarily be identical to the first-filed action. *Carlin v. DairyAmerica, Inc.*, No. 09-0430, 2009 WL 1518058, at *7 (E.D. Cal. May 29, 2009) (appointing attorneys in first-filed suit as lead counsel where they "ha[d] done a majority the preparation work leading to the filing of these actions, including investigation into the alleged misconduct and identification of the legal theory of the case").

Regarding the second and third factors, FBFG and Reese Richman have extensive experience in handling consumer class actions, including those involving deceptive labeling and marketing practices. (Declaration of Todd S. Garber ("Garber Decl.") at ¶¶ 4–9; Declaration of Kim E. Richman ("Richman Decl.") at ¶¶ 4–10.) Attorneys and staff at both FBFG and Reese Richman have extensively investigated Defendant's alleged wrongdoing and reviewed Defendant's labels and advertisements, and they have diligently prosecuted this action.

Indeed, FBFG's attorneys are experienced in cases alleging deceptive labeling and marketing practices and have successfully prosecuted, for example, a case against Walgreen Co. for representing to consumers that its glucosamine products help rebuild and regrow cartilage when it is scientifically impossible for cartilage to rebuild or regrow. *Quinn v. Walgreen Co.*, No. 12-cv-8187 (S.D.N.Y.).[1] In addition, FBFG has two class action cases pending in the Southern District of New York that allege that Smart Balance, Inc., has engaged in deceptive marketing practices because the labels of its milk and butter products mislead and deceive consumers. *Sforza v. Smart Balance*, No. 12-cv-6092 (S.D.N.Y.); *Koenig v. Boulder Brands, Inc.*, No. 13-cv-1186 (S.D.N.Y.).

FBFG has been appointed lead class counsel in numerous cases and courts have recognized FBFG as competent and adequate class counsel. *E.g.*, *Wise v. Energy Plus Holdings*

---

[1] A motion for preliminary approval of class action settlement is currently pending before Judge Briccetti in the *Quinn* action.

*LLC*, No. 11-7345 (S.D.N.Y. Sept. 17, 2013) (appointing FBFG attorneys as class counsel, recognizing "class counsel's skillful and zealous prosecution of the [a]ction."); *Brenner v. Kohl's Corp.*, No. 13-10935, 2014 WL 988533, at *2 (D. Mass. Mar. 12, 2014) ("[c]lass [c]ounsel have conducted the litigation and achieved the [s]ettlement with skill, perseverance, and diligent advocacy"); *Brenner v. J.C. Penney Co., Inc*., No. 13-11212, 2013 WL 5591945, at *2 (D. Mass. Oct. 10, 2013) (appointing FBFG attorneys as class counsel when "[t]he [s]ettlement [a]greement was negotiated at arm's length, in good faith, by capable and experienced counsel, with full knowledge of the facts, the law…").

Reese Richman is currently involved in a number of high-profile class actions representing consumers who have been defrauded through violation of federal law, state consumer protection laws, and the common law. *E.g.*, *In re: Frito-Lay North America, Inc. "All Natural" Litigation*, No. 1:12-md-02413-RRM-RLM (E.D.N.Y.) (alleging that the defendant mislabels its "SunChips," "Tostitos," and "Bean Dip" products as "all natural" due to the presence of genetically-modified organisms in the products); *In re: Simply Orange Orange Juice Marketing and Sales Practices Litigation*, No. 4:12-md-02361-FJG (W.D. Mo.) (alleging that the defendant mislabels its "Simply Orange" brand orange juice products as 100% pure and natural orange juice due to the products' high level of processing and presence of additional flavoring ingredients); *Young v. Wells Fargo & Co. et al.*, No. 08-cv-507 (S.D. Iowa) (alleging that the defendant banks improperly charge property inspection fees to delinquent mortgagors).

Reese Richman has been appointed as class counsel in numerous matters where the courts have recognized the firm's experience and skill. *E.g.*, *Chin v. RCN Corp.*, No. 08 CIV 7349 RJS KNF, 2010 WL 3958794 (S.D.N.Y. Sept. 8, 2010) (appointing Reese Richman LLP as class counsel in consumer fraud action, stating that "***class counsel is qualified, experienced, and***

*able to conduct the litigation*"); *L'Ottavo Ristorante et al. v. Ingomar Packing Co.*, No. 09-cv-1945 MCE, at 3 (E.D. Cal. Nov. 7, 2009) (appointing Reese Richman as class counsel in federal antitrust class action, stating that Reese Richman is "***well established and capable of providing quality representation to Plaintiffs in this matter***"); *Yoo v. Wendy's Int'l, Inc.*, No. 2:07-CV-04515 FMC (JCx), at 7 (C.D. Cal. March 17, 2009) (appointing Reese Richman as class counsel in action regarding allegations of deceptive marketing of food containing *trans* fat and stating that Reese Richman "***has conducted the litigation and achieved the Settlement with skill, perseverance and diligent advocacy***").  Additionally, the lead partners of Reese Richman have extensive trial experience and, consequently, have the ability to prosecute this matter through to verdict. (Richman Decl., at ¶ 9; *id.*, Ex. A (Reese Richman's firm resume).)

Finally, FBFG and Reese Richman have the resources to successfully prosecute this action.  FBFG has attorneys experienced in class action litigation, and the numerous cases it has brought to a successful conclusion (Garber Decl. ¶ 7) empirically demonstrate FBFG's ability to marshal any resources necessary.  Similarly, Reese Richman is made up of seasoned class action attorneys and has committed, and will commit, all resources necessary to litigate this action vigorously.  (Richman Decl. at ¶ 11.)

For the foregoing reasons, Plaintiff Michael Goldemberg respectfully requests that the Court appoint FBFG and Reese Richman as interim co-lead class counsel.  *See In re Bank of America Corp. Securities, Derivative and ERISA Litigation*, 258 F.R.D. 260, 272 (S.D.N.Y. 2009) (appointing class counsel where all of the law firms "have demonstrated that they are experienced and qualified to serve as interim lead counsel . . . [e]ach has experience handling complex litigation . . . and has knowledge of the applicable law").

## III. <u>CONCLUSION</u>

For the reasons set forth above and in the accompanying Declarations of Todd S. Garber and Kim E. Richman, Plaintiff seeks appointment of Michael Goldemberg as interim lead plaintiff, appointment of FBFG and Reese Richman as interim co-lead class counsel, and entry of the proposed case management order filed concurrently herewith.

Dated:  June 23, 2014
   White Plains, New York

       Respectfully submitted,

       **FINKELSTEIN, BLANKINSHIP,**
       **FREI-PEARSON & GARBER, LLP**

        */s/ Todd S. Garber*
       Todd S. Garber
       *tgarber@fbfglaw.com*
       D. Greg Blankinship
       *gblankinship@fbfglaw.com*
       1311 Mamaroneck Avenue, Suite 220
       White Plains, New York 10605
       Telephone: (914) 298-3281

       **REESE RICHMAN LLP**
       Michael R. Reese
       *mreese@reeserichman.com*
       Kim E. Richman
       *krichman@reeserichman.com*
       George V. Granade
       *ggranade@reeserichman.com*
       875 Avenue of the Americas, 18th Floor
       New York, New York  10001
       Telephone: (212) 643-0500
       Facsimile: (212) 253-4272

       *Counsel for Plaintiff Michael Goldemberg and the*
       *Proposed Class*