UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACQUELINE BEEBE, individually and on
behalf of all others similarly situated,

                Plaintiff,

v.

V&J NATIONAL ENTERPRISES, LLC, et al.,

                Defendants.
_____

<u>ORDER and AMENDED
SCHEDULING ORDER</u>

17-CV-6075W

        Bond, Schoeneck & King, PLLC ("Bond Schoeneck"), counsel for defendants V&J Employment Services, Inc., V&J Holding Companies, Inc., V&J National Enterprises, LLC and V&J United Enterprises, LLC, (collectively, "defendants" or "V&J"), having filed a motion to withdraw as counsel (Docket # 121) and supplemental submissions in support of their motion *in camera* (Docket ## 143, 144, 145), V&J having submitted a letter dated February 9, 2018, *in camera* (Docket # 141), plaintiffs having not opposed the motion, this Court having reviewed the parties' submissions, and oral argument having been conducted on February 21, 2018, it is hereby

        ORDERED, for the reasons stated more fully on the record on February 21, 2018, that Bond Schoeneck's motion to withdraw **(Docket # 121)** is **GRANTED**, and Bond Schoeneck is hereby relieved as counsel for defendants. Bond Schoeneck is directed to serve a copy of this order on V&J and to file an affidavit of service with the Court. If defendants wish to retain another attorney, a notice of appearance must be filed with the Court within thirty (30) days of the date of this order. Defendants are advised that failure to retain another attorney within the

prescribed time may result in a default judgment against them because corporations may not proceed *pro se*. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (holding that a corporation must be represented by an attorney); and it is further

ORDERED, that the <u>status conference</u> scheduled for February 27, 2018, at 10:20 a.m., before the undersigned is hereby adjourned to **April 5, 2018**, at **10:20 a.m.**, and it is further

ORDERED, that this Court's April 25, 2017 Scheduling Order (Docket # 28) shall be amended as follows:

1. All factual discovery in this case, including depositions, shall be completed on or before **the later of April 30, 2018 or forty-five (45) days after the Court's decision on Plaintiff's Motion for Class Certification of the New York Labor Law Claim**. All motions to compel discovery shall be filed at least thirty (30) days <u>prior</u> to the factual discovery cutoff.

2. Parties shall identify any expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2)(A) and provide reports pursuant to Rule 26(a)(2)(B) and/or disclosures pursuant to Rule 26(a)(2)(C) **within fourteen (14) days after the close of fact discovery**. Parties shall complete all discovery relating to experts, including depositions, **within thirty (30) days after the deadline for the disclosure of all expert reports**.

3. Dispositive motions, if any, shall be filed no later than **forty-five (45) days after the deadline for the completion of expert discovery**. Unless a consent to proceed before this Court has been filed, such motions shall be made returnable before Judge Wolford.

4. A <u>trial date status conference</u> pursuant to Fed. R. Civ. P. Rule 16(e) and Local Rule 16 will be held, if necessary, at a date and time to be determined by the trial judge

after determination of dispositive motions. If no dispositive motions are filed, counsel shall **immediately** contact the trial judge so that a trial date status conference can be scheduled.

At least seven (7) days prior to the trial date status conference, the parties shall file a joint case status report setting forth the information described below. If the parties disagree as to the information to be provided, the report must set forth their different responses. The joint status report shall contain:

(1) <u>Nature of the Case</u>: Set forth a brief description of the action, identifying the parties, all counsel of record, the relief requested, any affirmative defenses and any relationship the case may have to other pending actions.

(2) <u>Motion Practice</u>: Are any motions, dispositive or non-dispositive, pending? If so, briefly describe the motion. Explain if additional motion practice is necessary before the matter is ready to be tried.

(3) <u>Settlement</u>: Describe the status of settlement negotiations. If the parties believe a court supervised settlement/mediation conference would be of assistance in resolving the case or narrowing disputed issues, please state.

(4) <u>Trial</u>: State whether the case is ready for trial. If not, explain why. Set forth an estimate of how long the trial will take and whether the case is jury or non-jury.

No extension of the above cutoff dates will be granted except upon written application, made <u>prior to the cutoff date</u>, showing good cause for the extension. Application for extensions should be made to the Magistrate Judge. Joint or unopposed requests to extend the

deadlines set forth in this order need not be made by formal motion, but rather may be sought in a letter to the court. Letter requests must detail good cause for the extension and propose new deadlines.

**IT IS SO ORDERED.**

                                            _Marian W Payson_
                                            MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
        February 23, 2018