UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAQUELINE BEEBE, individually and on behalf of all
others similarly situated,

        Plaintiff,

    v.

V&J NATIONAL ENTERPRISES, LLC, V&J UNITED     **Civil Action No.**
ENTERPRISES, LLC, V&J EMPLOYMENT SERVICES,    **6:17-cv-06075-EAW-MWP**
INC. and V&J HOLDING COMPANIES, INC.,

        Defendants.
_____

**Answering Memorandum in Support of Defendants' Motion for Protective Order and Response in Opposition to Plaintiff's Motion to Compel Production and For Sanctions**

Introduction

Plaintiff Jacqueline Beebe, individually and on behalf of all others similarly situated ("Plaintiffs"), in their memorandum, recite a lengthy chronology of what they contend is delay and refusal by Defendants V&J National Enterprises, LLC, V&J United Enterprises LLC, V&J Employment Services Inc. and V&J Holding Companies, Inc. ("Defendants") to cooperate with discovery, and, apparently, to settle a separate case. After 18 pages of introduction, they ask the Court to compel discovery of documents related "to the distance driven by Delivery Drivers while they deliver food or beverages on [V&J's] behalf, including Driver Activity Reports, Driver Dispatch/Cash Audit Reports, and Point-of-Sale System Data." (ECF No. 157-1 at 20 of 25); "[a]ll documents relating to communications concerning reimbursements paid to Delivery Drivers" (id. at 21 of 25); all arbitration agreements signed by the opt-in plaintiffs (id. at 21-22 of 25); and documents concerning the sale of Defendants' Pizza Hut branded franchises (id. at 23 of 25). Plaintiffs have also requested sanctions (id. at 24 of 25).

1

As will be set forth below, Plaintiffs' motion should be denied, as Defendants have complied with requests, except where a protective order has been moved for (submitted herewith). Even if the Court determines that additional production is necessary, sanctions are unwarranted because Defendants have substantial justification for not producing certain information.

## LEGAL STANDARDS

Whether to compel discovery is wholly within the discretion of this Court. See Am. Sav. Bank, FSB v. UBS PaineWebber, Inc. (In re Fitch, Inc.), 330 F.3d 104, 108 (2d Cir.2003); United States v. Sanders, 211 F.3d 711, 720 (2d Cir.2000). Similarly, sanctions pursuant to a motion are discretionary. Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 333 (2d Cir. 1999). However, the court may not award monetary sanctions (i.e. attorney's fees and expenses) if failure to comply with a discovery demand is "substantially justified" or "other circumstances make an award of expenses unjust." Underdog Trucking, L.L.C. v. Verizon Servs. Corp., 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (citing Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii)).

With regard to motions for protective orders, Fed. R. Civ. P. 26(c) permits courts to issue protective orders to temper the effects of the liberal discovery system set forth in the Federal Rules. See Seattle Times Co. v. Rhinehart, 467 U.S. 20, 34, 104 S. Ct. 2199, 2208, 81 L. Ed. 2d 17 (1984). A court may issue such an order for good cause to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1).

## ARGUMENT

First, some of the alleged delays complained of by Plaintiffs have been remedied. Plaintiffs have noticed Defendants for a Rule 30(b)(6) deposition on August 1, 2018, and Defendants are producing David Boose for that deposition (subject to the protective order is being moved for herewith). (Rosenzweig Decl. ¶ 10.)

Second, as of this submission, the parties have come to an agreement in principle with regard to the Spano litigation. Defense counsel is conferring with the Defendants with regard to these documents and expect to execute a settlement agreement and submit a *Cheeks* letter in the next several days. (Rosenzweig Decl. ¶ 11.)   Regardless, Defendants are not aware of any case law that allows a judge to compel settlement or, for that matter, consider a delay in settling a separate case that has not been consolidated when deciding whether to compel discovery or impose sanctions in this case.

Plaintiffs' specific requests are addressed below.

I. Documents Pertaining to the Pizza Hut Sale are Confidential and Defendants Seek A Protective Order Preventing the Disclosure of Same

Plaintiffs have requested an order directing Defendants to produce documents related to the sale of Pizza Hut-branded restaurants in the fall of 2017. This request should be denied, and instead a protective order entered to prevent the disclosure of said information both as document production and at Defendants' Rule 30(b)(6) deposition scheduled for August 1, 2018.  (See ECF No. 157-11, designating "All electronic records, documents, and data related to contracts and documents related to the sale of any Pizza Hut-branded restaurants owned or operated by V&J National Enterprises LLC, V&J United Enterprises, LLC, V&J Employment Services, Inc. or V&J Holding Companies, Inc." as subject matters for the deposition.)

First, this information is subject to a confidentiality provision contained in the Asset Purchase Agreement:

> This Agreement, the terms of the transactions contemplated by this Agreement, and any other information heretofore or hereafter disclosed or obtained in connection with this Agreement concerning the business, operations, affairs, or financial condition of any party hereto (collectively, the "Confidential Information"), will be kept confidential, except as otherwise required by law or legal process and except to the extent (i) the Confidential Information is or has been disclosed to any lender, to YUM or any of tis affiliates, or to the respective attorneys, accountants, and

3

Case 6:17-cv-06075-EAW-MWP   Document 160   Filed 07/30/18   Page 4 of 9

financial advisors of any party hereto and its Affiliates, (ii) the Confidential Information is or hereafter becomes lawfully obtainable from other sources, or (iii) this duty of confidentiality is waived in writing by the party to whom the Confidential Information relates. These obligations of confidentiality will permanently survive termination or abandonment of this Agreement.

Therefore Defendants are prevented from disclosing it to third parties. (Rosenzweig Decl. ¶ 13.) Additionally, this case, at its heart, is a wage and hour case about math—Plaintiffs have alleged they were inadequately compensated for work they performed for Defendants as delivery drivers; Defendants deny liability. The calculations, then, will necessarily involve what Plaintiffs were paid and what they allege they should have been paid. As such, the Fall 2017 sale by Defendants of their Pizza Hut-branded restaurants is wholly irrelevant to the case at hand. Either Plaintiffs were paid properly by Defendants and Defendants do not owe them anything, or they were not paid properly and Defendants do owe them money.

In any case, Defendants are substantially justified in not producing these documents and instead seek a protective order under Fed. R. Civ. P 26, disallowing both production of documents and discussion of same at the Rule 30(b)(6) deposition. Good cause exists for this protective order, as this information is both confidential and irrelevant, as stated above.

II.   The Defendants Substantially Complied With Requests for Documents Concerning Deliveries By Drivers

Plaintiffs have moved for an order directing Defendants to produce documents related "to the distance driven by Delivery Drivers while they deliver food or beverages on [V&J's] behalf, including: Driver Activity Records, Driver Dispatch/Cash Audit Reports, and Point-of-Sale System Data." (ECF No. 157-1 at 20 of 25); "[a]ll documents relating to communications concerning reimbursements paid to Delivery Drivers" (id. at 21 of 25). Plaintiffs speculate that the relatively small number of documents produced by Defendants can only be the result of spoliation.

4

However, first, Defendants have provided voluminous documentation that was available electronically or that could be reasonably ascertained and scanned, including labor distribution reports, cash audit reports, and W2s (Rosenzweig Decl. ¶ 9.) This production made on May 14, 2018 totals more than 177,000 pages.

In addition, Defendants performed an exhaustive search of email and attachments, to locate documents responsive to several requests including the instant request as well as communications regarding arbitration (see below). As part of the transfer of the case files from the predecessor firm to Halling & Cayo, on or about May 7, 2018, Halling & Cayo received thousands of documents in a file entitled "Vol0006 Garagozzo Emails" via a secure file transfer. This file contains native files and TIF images of each page of each document, Bates numbered BOND 00003399-10914. It was represented to counsel that this file contained emails that were produced by the Defendants to their predecessor counsel pursuant to the Plaintiffs' discovery requests. It was further represented that Defendants' information technology service performed a reasonable search of the Defendants' email archive in early 2018, using the following keywords: "delivery drivers," "mileage," "reimbursement," "arbitration," "class action," "waiver," "release," "driving expenses," "automotive expenses," "car expenses," and "driver activity records." The time period of the search was 2009 to 2017, inclusive, and email accounts belonging to 12 current and former employees of the company (including vice president/general counsel Calvin Scott, human resources manager Wendy Garagozzo, risk manager Todd Wittenberg, Vice President of Operations Dave Boose, and several management-level employees assigned to Pizza Hut branded restaurants). (Rosenzweig Decl. ¶ 5.)

Prior to production, defense counsel personally reviewed the 7,515 responsive documents, both by reviewing the TIF files page by page and by utilizing Concordance software to verify

keywords. The overwhelming majority of email was completely non-responsive to the Plaintiff's requests, and included purely personal email not having anything to do with work; spam; and general emails that contained the keywords but were not responsive. (Rosenzweig Decl. ¶ 6.)

Responsive documents, including all responsive emails and attachments that could be located following the searches set forth above, were produced to Plaintiffs' counsel on May 14, 2018. (Rosenzweig Decl. ¶ 6.; ECF No. 157-2).

Regarding paper documents, many such documents are maintained in the ordinary course of business in a basement warehouse at Defendants' office in Rochester, New York. Three sets of records for each store are kept in separate boxes—one box of human resource records; one box of credit card slips; and one box of driver reimbursements and payouts, along with records that are not relevant to this proceeding. Items in the boxes are sorted into envelopes by week and store. There are hundreds of boxes and potentially millions of paper documents in this warehouse, and these documents are not scanned or otherwise available digitally to these Defendants. (Rosenzweig Decl. ¶ 8.) It would be extremely time-consuming and prohibitively expensive for Defendants to undertake the task of reviewing each box, culling relevant documents, sorting, scanning, and redacting this information. There is simply no reasonable way to produce this information.[1]

Plaintiffs' counsel has argued that because his other experience in litigation involving Pizza Hut franchisees resulted in voluminous production of electronically stored information, such information has to exist with these Defendants. That is not the case here. While these Defendants cannot comment as to what practices other franchisees used to maintain their records, these Defendants have produced the documents that they could locate following a reasonable search and

---

[1] Plaintiff's counsel is welcome to inspect the warehouse and its contents at a mutually agreed upon time.

that would not literally take years to sort and produce. Plaintiffs' motion as to these documents should be denied, as the request was complied with.

### III. Defendants Have Produced All Arbitration Agreements and Related Communication That Could Be Located Following a Reasonable Search

As stated above, Defendants conducted a reasonable search for communications regarding arbitration, among other topics, and have produced the resultant documents (Rosenzweig Decl. ¶ 5). Defendants supplemented this production, Bates numbered D00178494-178719, including additional agreements that could be located as of this submission. (Id. p. 12.) As the parties agree that not every employee signed an arbitration agreement, there will not be 197 signed agreements.

As Defendants have complied with this request to the best of their ability, Plaintiffs' motion as to these documents should be denied.

### IV. Sanctions are Inappropriate Here

Finally, Plaintiffs seek sanctions (i.e. reasonable expenses incurred in bringing this motion) against Defendants. Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 333 (2d Cir. 1999). However, while sanctions are presumed pursuant to Fed. R. Civ. P. 37(a)(5)(A) the court may not award monetary sanctions (i.e. attorney's fees and expenses) if failure to comply with a discovery demand is "substantially justified" or "other circumstances make an award of expenses unjust." Underdog Trucking, L.L.C. v. Verizon Servs. Corp., 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (citing Fed.R.Civ.P. 37(a)(5)(A)(ii), (iii)).

Sanctions are unwarranted here. As set forth above, Defendants have substantially complied with the discovery requests to the best of their ability, and have appropriately objected where compliance was certainly unduly burdensome and verging on impossible. Where they have not provided documents, i.e. regarding the Pizza Hut sale, their actions were substantially justified and a protective order has been moved for.

## Conclusion

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiffs' Motion to Compel and Motion for Sanctions, and instead enter a protective order as requested above.

Dated this 30th day of July, 2018.

        HALLING & CAYO, S.C.
        Attorneys for the Defendants

        By: /s/ Stacie H. Rosenzweig
           Daniel J. O'Brien
           WI State Bar No. 1005303
           Stacie H. Rosenzweig
           WI State Bar No. 1062123

        320 E. Buffalo St., Suite 700
        Milwaukee, WI 53202
        Telephone: (414) 271-3400
        Facsimile:  (414) 271-3841
        djo@hallingcayo.com
        shr@hallingcayo.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2018, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. Geffrey Gismondi;
2. Jeremiah Frei-Pearson;
3. Daniel J. O'Brien

/s/ Stacie H. Rosenzweig
Stacie H. Rosenzweig