# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NEW YORK

JACQUELINE BEEBE, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

V&J NATIONAL ENTERPRISES, LLC,
V&J UNITED ENTERPRISES, LLC, V&J
EMPLOYMENT SERVICES, INC. and
V&J HOLDING COMPANIES, INC.,

Defendants.

Case No. 6:17-cv-06075-EAW-MWP

Class / Collective Action

## MEMORANDUM OF LAW IN OPPOSITION TO
## DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

### PRELIMINARY STATEMENT

Plaintiff Jacqueline Beebe ("Plaintiff") respectfully submits this memorandum of law in

opposition to Defendants V&J National Enterprises, LLC, V&J United Enterprises, LLC, V&J

Employment Services, Inc., and V&J Holding Companies, Inc.'s (collectively, "V&J" or

"Defendants") motion for a protective order covering deposition testimony and the production of

documents related to V&J's sale of Pizza Hut-branded restaurants in the fall of 2017.[1]  ECF No.

159.  V&J's motion for a protective order is procedurally improper, as V&J has not conferred or

attempted to confer in good faith with Plaintiff in an effort to resolve the dispute without court

action -- rather, V&J avoided Plaintiff's attempts to confer and waited until two days before a

---

[1] Plaintiff will submit a separate Reply brief concerning her motion to compel production of documents and for sanctions -- a motion which, despite V&J's bizarre contention to the contrary, seeks only the production of long-outstanding discovery materials and appropriate sanctions, not to compel settlement of the related litigation -- in accordance with the schedule previously set by the Court.  *See* ECF No. 158.

long-scheduled deposition (which Plaintiff had originally noticed more than five months ago and

which now takes place tomorrow) before filing this motion.  Moreover, V&J's motion has no

substantive merit, as its purported confidentiality agreement with a third party does not provide

good cause for denying Plaintiff access to relevant discovery, particularly when Plaintiff has

repeatedly made it clear that she is amenable to a confidentiality stipulation covering any such

sensitive information.

V&J asserts that it sold all of its restaurants to an independent third party in the fall of

2017 and that its liability extinguishes on that date.  V&J's assertion may be true, but Plaintiff is

entitled to discovery to determine the veracity of V&J's claims.  Yet V&J refuses to provide

Plaintiff with any information or documents substantiating its assertion.  Instead, V&J claims

that all information about the "sale" of its Pizza Hut-branded restaurants is confidential for

business reasons.  But it is well established that business confidentiality concerns do not shield

information from discovery and that legitimate confidentiality concerns can be addressed by

protective orders forbidding the release of business information outside of the litigation -- and

Plaintiff repeatedly offered to agree to such a stipulation, as parties routinely do in similar

situations..  Plaintiff respectfully requests that V&J's motion be immediately denied.[2]

## ARGUMENT

### I.  Legal Standard

Federal Rule of Civil Procedure 26(c) provides that the Court may issue a protective

order "for good cause."  Fed. R. Civ. P. 26(c).  The burden is on the party seeking the protective

Order to show the existence of some plainly adequate reason therefor, to show good cause for the

---

[2] As V&J's 30(b)(6) deposition is scheduled for tomorrow, Plaintiff submits her opposition to this protective order today.  Plaintiff will submit her reply regarding her motion to compel and sanctions on or before the due date previously set by the Court.

protective Order. *Kryszak v. Chase Bank USA, N.A.*, No. 07-202, 2008 WL 822015, at *4 (W.D.N.Y. March 26, 2008) (internal citations omitted). "In order to demonstrate good cause, a party must establish that the proposed discovery 'will result in a clearly defined, specific and serious injury.'" *Carlson v. Geneva School Dist.*, 277 F.R.D. 90, 94 (W.D.N.Y. 2011) (Payson, Mag. J.) (quoting *In re Sept. 11 Litig.*, 262 F.R.D. 274, 277 (S.D.N.Y.2009).

"Under Rule 26(c), prior to obtaining a protective Order the movants must certify that they have in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court intervention." *Gambino v. Payne*, No. 12-824, 2015 WL 4067122, at *5 (W.D.N.Y. July 2, 2015).

## II.   Despite Plaintiff's Repeated Efforts To Do So, V&J Did Not Confer On This Issue Prior To Bringing Its Motion.

As a threshold matter, V&J has failed to satisfy the requirements of Federal Rule of Civil Procedure 26(c), under which it brings the instant motion. Rule 26(c) explicitly states that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1). Although V&J included a lengthy declaration from its counsel in support of its briefing, tellingly this declaration does not contain any such certification. *See* ECF No. 161.

This is clearly because, even though V&J had been aware of Plaintiff's request for documents related to the sale since October 2, 2017 (*see* ECF No. 157-5) and of the deposition topic since February 21, 2018 (*see* ECF No. 157-11), it has refused to substantively respond to Plaintiff's requests to confer on this very issue since May. *See* ECF No. 157-1 at 6-7; ECF No. 157-2 at ¶¶ 14-15; ECF No. 157-14; ECF No. 157-16. Instead, V&J provided repeated -- and ultimately empty -- assurances that it would "provide . . . an update" or "get these issues tied off"

by deadlines that V&J itself provided, only to then ignore those deadlines.  *See* ECF No. 157-2 at

¶15; ECF No. 157-15; ECF No. 157-18.

Incredibly, nearly three months of delay followed what appeared, at the time, to be a

mutually acceptable resolution to the issue.  On April 26, 2018, Plaintiff agreed to V&J's

suggestion of a confidentiality agreement to cover the sale documents (*see* ECF No. 157-2 at ¶

13; ECF No. 157-13) and on May 2, 2018 she consented to a draft of such an agreement that

V&J's counsel had prepared, with no edits or revisions.  *See* ECF No. 157-2 at ¶ 13; ECF No.

157-12.  The last substantive word Plaintiff heard on the matter was that, as of May 14, 2018,

V&J's counsel "anticipate[d] approval" of the confidentiality agreement.  *See* ECF No. 157-2 at

¶ 14; ECF No. 157-12.

Instead, V&J never filed its own attorneys' confidentiality stipulation, to which Plaintiff

had agreed.  *See* ECF No. 157-2 at ¶ 14.  V&J then never substantively responded to Plaintiff's

repeated requests for an update on the issue.  *See* ECF No. 157-1 at 6-7; ECF No. 157-2 at ¶¶ 14-

15; ECF No. 157-14; ECF No. 157-16.  After Plaintiff was thus forced to re-notice the deposition

for August 1, 2018 (*see* Notice of Deposition, Exhibit A to Declaration of Jeremiah Frei-Pearson

("Frei-Pearson Decl.")), V&J failed to even identify the designated witness by the notice's July

20, 2018 deadline, let alone raise any issue with the noticed topics for conferral.  *See* Frei-

Pearson Decl. at ¶ 3.  When V&J responded to Plaintiff's request for the overdue identification

of the witness on July 25, 2018, it again failed to raise the issue or request conferral on it.  *See*

July 25, 2018 Email from Stacie Rosenzweig, Exhibit B to Frei-Pearson Decl.   V&J made no

mention of the subject until an afterhours email on Friday July 27, 2018, where it unilaterally

announced that it would be filing a motion for a protective order the next workday, with no offer

to confer on the issue.  *See* July 27, 2018 Email from Stacie Rosenzweig, Exhibit C to Frei-Pearson Decl.

V&J did not attempt in good faith to confer with Plaintiff before bringing this motion for a protective order.  Moreover, it repeatedly ignored Plaintiff's own attempts to confer and resolve this issue.  This failure to abide by Rule 26(c) should doom V&J's motion from the outset.  *See, e.g., Tota v. Franzen*, No. 06-514, 2007 WL 2693441, at *7 (W.D.N.Y. Sept. 10, 2007) (denying motion for protective order where party "has not shown his efforts or attempts at resolving these matters prior to making his motions").

### III.   Plaintiff Is Entitled To Information About V&J's Ownership And Sales Of Stores That Are At Issue In This Litigation.

Plaintiff reasonably believes that Defendants will attempt to limit the class period to only those wage and hour violations that occurred prior to V&J's sale of the at-issue Pizza Hut-branded stores.  However, Plaintiff is entitled to analyze whether the sale of these stores was a legitimate arms-length transaction with a genuine third party.  Defendants have already attempted to confuse issues of liability through various corporate shell games.  For example, even though V&J Holding Companies, Inc. holds itself out to the public as "the largest minority-owned Pizza Hut franchise in the U.S." (ECF No. 49-2), it has argued before this Court that it is not responsible for the wage and hour practices at these same restaurants.  *See* ECF No. 38-2 at § III.  Likewise, Defendants have argued that the on-paper owners of the restaurants themselves, V&J National Enterprises, LLC and V&J United Enterprises, LLC, are not responsible for the wage and hour practices within.  *See id*.

V&J has represented that it sold its Pizza Hut's in the Fall of 2017.  However, V&J refuses to produce any documents relating to this sale or provide any information about the sale.  Accordingly. Plaintiffs noticed this issue as a 30(b)(6) topic.  Rather than provide *any*

information, V&J filed the instant motion.  Plaintiff is entitled to know whether V&J truly sold its business to an independent entity or whether V&J simply changed corporate structure and called it a "sale."

Plaintiff is weary of V&J's gamesmanship, and reasonably seeks documents related to the sale of the Pizza Hut restaurants to determine if and when V&J's status as the employer at those restaurants may have actually ended.  Moreover, if the policies at issue in this litigation have continued past the date of the sale, discovery on the new owners is also relevant to identifying all proper defendants in this litigation.

## IV.   There Is No Good Cause To Grant V&J A Protective Order Concerning Its Sale Of Pizza Hut-Branded Stores.

### A.   V&J's Confidentiality Agreement With A Third Party Is Not A Compelling Reason To Grant A Protective Order.

Without citing any legal authority, V&J asserts that its purported confidentiality agreement with a third party should shield it from discovery relevant to this litigation.  But the desire of parties to an agreement to keep its terms confidential does not shield that agreement from discovery.  *See, e.g.*, *Laforest v. Honeywell Intern. Inc.*, No. 03-6248, 2004 WL 1498916, at *7 (W.D.N.Y. July 1, 2004) ("However, the mere fact that the third-party defendants designated their indemnification agreement as confidential does not shield it from discovery.  In sum, despite the third-parties' desire to maintain its confidentiality, the Agreement is not privileged, but it is relevant and reasonably calculated to lead to the discovery of admissible evidence.") (internal citations omitted); *Tribune Co. v. Purcigliotti*, No. 93-7222, 1996 WL 337277, at *3 (S.D.N.Y. June 19, 1996) ("Finally, the mere fact that the settling parties agreed to maintain the confidentiality of their agreement cannot serve to shield it from discovery.").

**B.     Plaintiff Has Already Agreed To A Confidentiality Stipulation, Which Is A More Appropriate Means To Address V&J's Purported Concerns.**

As early as March of 2017, Plaintiff proposed entering into a confidentiality stipulation for this litigation, to protect sensitive business information and facilitate open discovery.  *See* ECF No. 157-2 at ¶ 3.  Plaintiff's counsel offered to draft such an agreement based on confidentiality agreements entered in similar pizza delivery driver under-reimbursement cases. *See id.*  V&J declined these recommendations and offers.  *See id.*

As described *supra*, over a year later, on April 26, 2018 when V&J's attorneys proposed entering into a confidentiality agreement specifically to address concerns about the disclosure of the sale documents at issue in this motion, Plaintiff immediately agreed.  *See* ECF No. 157-2 at ¶ 13; ECF No. 157-13.  When V&J's attorneys drafted such a confidentiality agreement on May 1, 2018, Plaintiff agreed to it without any proposed edits or revisions the very next day.  *See* ECF No. 157-2 at ¶ 13; ECF No. 157-12.

A confidentiality agreement is a much more appropriate method for addressing V&J's purported concerns than denying Plaintiff access to relevant discovery materials.  *See, e.g.*, *Bellaspica v. PJPA, LLC*, No. 13-3014, ECF No. 31 (E.D. Pa. Nov. 1, 2013) (entering stipulated confidentiality agreement to facilitate the discovery of documents, including documents related to the sale of pizza franchisee's restaurants); *Durling v. Papa John's Int'l, Inc.*, No. 16-3592, ECF No. 40 (S.D.N.Y. July, 20, 2016) (entering stipulated confidentiality agreement to facilitate the discovery of documents in pizza delivery driver reimbursement case); *Smith v. Pizza Hut, Inc.*, No. 09-1632 ECF No. 40 (D. Colo. Sept. 11, 2009) (same).  Plaintiff is perfectly willing to provisionally honor any "Confidential" designation V&J applies to sale-related documents and testimony on the topic, pending a mutually-acceptable confidentiality stipulation and Court order, and to retroactively applying the terms of such a final confidentiality agreement to these

documents and testimony once it is entered.  However, Plaintiff cannot abide V&J's attempt to use "confidentiality" as yet another pretext to avoid its discovery obligations.

<u>**CONCLUSION**</u>

V&J's motion for a protective order could likely have been avoided entirely if it had submitted the confidentiality stipulation Plaintiff consented to almost four months ago, or if it had fulfilled its obligation under Rule 26(c) to engage in good faith efforts to confer and resolve these issues before filing this motion.  Unfortunately, V&J chose to do neither.  As it has failed to either fulfil the technical requirements of Rule 26(c) or to muster any substantive good cause for a protective order, Plaintiff respectfully requests that V&J's motion be denied.


Dated: July 31, 2018                                    Respectfully submitted,

                                                        */s/ Jeremiah Frei-Pearson*
                                                        Jeremiah Frei-Pearson
                                                        Andrew C. White
                                                        **FINKELSTEIN, BLANKINSHIP,**
                                                        **FREI-PEARSON & GARBER, LLP**
                                                        445 Hamilton Avenue, Suite 605
                                                        White Plains, New York 10601
                                                        Telephone:  (914) 298-3281
                                                        Facsimile:   (914) 824-1561

                                                        *Attorneys for Plaintiff*
                                                        *and the Putative Class*