

**320 East Buffalo Street, Suite 700**
**Milwaukee, Wisconsin 53202**

N27 W23957 Paul Road, Suite 201
Pewaukee, Wisconsin 53072

1001 Glen Oaks Lane, Suite 221
Mequon, Wisconsin 53092

**Telephone 414.271.3400**
**Facsimile 414.271.3841**
www.hallingcayo.com

September 6, 2018

**VIA E-FILING**
Honorable Marian W. Payson
United States Magistrate Judge
100 State Street
Rochester, New York   14614

*Kenneth J. Baker*
*Scott N. Burns*
*Richard J. Cayo*
*Thomas W. Cunningham*
*Robert J. Dvorak*
*Olivia A. Fitzgerald*
*Angela C. Foy*
*Patricia L. Grove*
*James F. Guckenberg*
*Ryan J. Harrington*
*David Seth Hill*
*Christopher T. Kolb*
*Jeremy P. Levinson*
*Kurt J. H. Mueller*
*Daniel J. O'Brien*
*Patrick T. O'Neill*
*Ami A. Regele*
*Stacie H. Rosenzweig*
*Mark E. Sanders*
*Michael H. Schaalman*
*Roberta Steiner*
*Sean M. Sweeney*

  Re: Beebe v. V&J National Enterprises, LLC et al
     Case Number: 6:17-cv-06075-EAW-MWP

Dear Judge Payson:

  This letter serves as a status report pursuant to the Court's Order dated August 23, 2018.

  The parties have come to agreement regarding the search for of electronic data and records.  The parties have identified 16 custodians whose electronically stored records will be searched, and 12 specific Boolean searches that will be performed.  Should any search produce voluminous results, or result in error that cannot be resolved by the Defendants' information technology staff, the parties agree to confer in good faith to resolve the issue before returning to the Court. Defendants reserve the right to review the materials for responsiveness and privilege prior to production, and will prepare and produce a log of any otherwise responsive documents withheld on the basis of privilege, with Plaintiffs reserving the right to review the log and challenge any such designation.

  With regard to production of hard copy documents, the parties have agreed to hold that request for production in abeyance and instead attempt to obtain the same information electronically from a third party. Defense counsel will contact the third party within a week of today's date and attempt to negotiate production of same; should negotiations fail then Defendants will subpoena the information. If Defendants are able to produce the necessary information electronically, then Plaintiffs' counsel will withdraw the request for hard copy documents. If the information is not available electronically from the third party, the parties agree to confer in good faith regarding production of paper documents.

  With regard to Plaintiff's attorneys' fees and costs for the Motion to Compel Production of Documents and for Sanctions, the parties have not yet reached an agreement on the amount to be reimbursed, but are engaged in ongoing good-faith discussions. Accordingly, to avoid burdening the Court unnecessarily, the parties jointly request a one-

September 6, 2018
Page 2

week extension to either inform the Court that the amount has been agreed upon, or, if no agreement has been reached by September 13, 2017, for Plaintiff to submit an affidavit attesting to the amount of fees and costs, with Defendants to submit an affidavit by September 27, 2018 if they contest the amount.  The parties do not intend to request any further extensions on this matter.

In the event that the Court has any questions or requires any additional information regarding this matter, counsel for the parties are happy to make themselves available for a telephone or in-person conference.  Thank you.

        Very truly yours,

        HALLING & CAYO, S.C.

        Stacie H. Rosenzweig
        shr@hallingcayo.com


cc:     Jeremiah Frei-Pearson, Esq. (via e-filing)
        Geffrey Gismondi, Esq. (via e-filing)