UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAQUELINE BEEBE, individually and on behalf of all
others similarly situated,

        Plaintiff,

   v.

V&J NATIONAL ENTERPRISES, LLC, V&J UNITED    **Civil Action No.**
ENTERPRISES, LLC, V&J EMPLOYMENT SERVICES,    **6:17-cv-06075-EAW-MWP**
INC. and V&J HOLDING COMPANIES, INC.,

        Defendants.
_____

**Memorandum in Response to Plaintiff's Request for Fees and Costs**

HALLING & CAYO, S.C.
*Attorneys for the Defendants*
Daniel J. O'Brien
WI State Bar No. 1005303
Stacie H. Rosenzweig
WI State Bar No. 1062123

Postal Address:
320 E. Buffalo St., Suite 700
Milwaukee, WI 53202
Telephone: (414) 271-3400
Facsimile:  (414) 271-3841

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................ 2
TABLE OF AUTHORITIES ................................................................................................... 3
INTRODUCTION .................................................................................................................... 3
   I.   LEGAL STANDARDS ................................................................................................ 4
   II.   THE HOURLY RATES CLAIMED FAR EXCEED APPROPRIATE RATES FOR THIS DISTRICT ....................................................................................................................... 6
   III.   THE NUMBER OF HOURS CLAIMED BY COUNSEL IS EXCESSIVE AND UNREASONABLE ........................................................................................................ 8
   IV.   THE COSTS ARE UNSUPPORTED AND SHOULD BE DISALLOWED ................ 10
CONCLUSION ...................................................................................................................... 12
CERTIFICATE OF SERVICE .............................................................................................. 13

# TABLE OF AUTHORITIES

**Cases**

Anello v. Anderson, 191 F.Supp.3d 262, 09–CV–715S, 2016 WL 3221863 ............................. 5, 6

Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182 (2d Cir. 2008). ................................................................................ 4, 5

Baker v. Power Sec. Corp., 174 F.R.D. 292 (W.D.N.Y. 1997) ......................................................... 9

Costa v. Sears Home Improvement Prod., Inc., 212 F. Supp. 3d 412, (W.D.N.Y. 2016) ...... 5, 6, 9

Glenn v. Fuji Grill Niagara Falls, LLC, No. 14-CV-380S, 2016 WL 1557751 (W.D.N.Y. Apr. 18, 2016) ....................................................................................................................................... 6, 10

Hensley v. Eckerhardt, 461 U.S. 424 (1983) ............................................................................. 5

Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir.1974) ........................................... 4

Klimbach v. Spherion Corp., 467 F. Supp. 2d 323 (W.D.N.Y. 2006) ............................................. 9

Linde v. Arab Bank, PLC, 293 F.R.D 138 (E.D.N.Y. 2013) ............................................................ 7

Mendez v. Radec Corp., 907 F. Supp. 2d 353 (W.D.N.Y. 2012) .................................................... 9

Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307 (S.D.N.Y. 2009) .......................... 8

New York State Teacher's Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983) ........................................................................................................................................... 5

Walker v. Coughlin, 909 F.Supp. 872 (W.D.N.Y.1995). ........................................................... 5, 9

## INTRODUCTION

Defendants V&J National Enterprises, LLC, V&J United Enterprises, LLC, V&J Employment Services Inc., and V&J Holding Companies, Inc., by their counsel, submit this Memorandum in Response to Plaintiff's Request for Fees and Costs (ECF No. 172). Plaintiff Jacqueline Beebe, by her attorney Andrew White, has submitted a request for $35,270.00 in attorney fees and $1,264.97 in costs. (ECF No. 172 ¶ 15.) This request is excessive and should be significantly reduced.

### I.   LEGAL STANDARDS

In determining appropriate attorney fees, courts in the Second Circuit must consider "the "rate a paying client would be willing to pay." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008).{ TA \l "Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182 (2d Cir. 2008)." \s "Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)." \c 3 } This consideration must account for so-called "Johnson" factors (Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717–19 (5th Cir.1974),{ TA \l "Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir.1974)" \s "Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714, 717–19 (5th Cir.1974)," \c 3 }{ TA \s "Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)." } abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92–93, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989)); Arbor Hill at 190. Those factors include:

(1)   the time and labor required;

(2) the novelty and difficulty of the questions;
(3) the level of skill required to perform the legal service properly;
(4) the preclusion of employment by the attorney due to acceptance of the case;
(5) the attorney's customary hourly rate;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or the circumstances;
(8) the amount involved in the case and the results obtained;
(9) the experience, reputation, and ability of the attorneys;
(10) the 'undesirability' of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

Costa v. Sears Home Improvement Prod., Inc., 212 F. Supp. 3d 412, 419 (W.D.N.Y. 2016){ TA \l "Costa v. Sears Home Improvement Prod., Inc., 212 F. Supp. 3d 412, (W.D.N.Y. 2016)" \s "Costa v. Sears Home Improvement Prod., Inc., 212 F. Supp. 3d 412, 419 (W.D.N.Y. 2016)" \c 3 }, citing Anello v. Anderson, 191 F.Supp.3d 262, 282, 09–CV–715S, 2016 WL 3221863, at *11{ TA \l "Anello v. Anderson, 191 F.Supp.3d 262, 09–CV–715S, 2016 WL 3221863" \s "Anello v. Anderson, 191 F.Supp.3d 262, 282, 09–CV–715S, 2016 WL 3221863, at *11" \c 3 } (W.D.N.Y. June 10, 2016).

The Court "should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively. The district court should also consider that such an individual might be able to negotiate with his or her attorneys, using their desire to obtain the reputational benefits that might accrue from being associated with the case." Co{ TA \s "Costa v. Sears Home Improvement Prod., Inc., 212 F. Supp. 3d 412, 419 (W.D.N.Y. 2016)" }sta at 419, citing Arbor H{ TA \s "Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)." }ill at 190.

Once a reasonable hourly rate has been determined for each attorney, the Court must then examine the hours claimed by counsel. The Court should exclude "hours that were not reasonably expended." Hensley v. Eckerhardt, 461 U.S. 424, 434 (1983){ TA \l "Hensley v. Eckerhardt, 461

U.S. 424 (1983)" \s "Hensley v. Eckerhardt, 461 U.S. 424, 434 (1983)" \c 3 } (internal quotations and citation omitted). Time that is "excessive, redundant, or otherwise unnecessary" should be excluded, "just as a lawyer in private practice is obligated to exclude such hours from his fee submission." Contemporaneous time records are a prerequisite for attorney fees. New York State Teacher's Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983).{ TA \l "New York State Teacher's Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136 (2d Cir. 1983)." \s "New York State Teacher's Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147 (2d Cir. 1983)." \c 3 } The party seeking the fee award must show that it has exercised billing judgment. C{ TA \s "Costa v. Sears Home Improvement Prod., Inc., 212 F. Supp. 3d 412, 419 (W.D.N.Y. 2016)" }osta at 425.

The Court does not need to engage in a line-by-line analysis of the fee application, and instead has the discretion to deduct a reasonable percentage of the hours claimed as a "practical means of trimming fat from a fee application." Walker v. Coughlin, 909 F.Supp. 872, 881 (W.D.N.Y.1995).{ TA \l "Walker v. Coughlin, 909 F.Supp. 872 (W.D.N.Y.1995)." \s "Walker v. Coughlin, 909 F.Supp. 872, 881 (W.D.N.Y.1995)." \c 3 }

II. THE HOURLY RATES CLAIMED FAR EXCEED APPROPRIATE RATES FOR THIS DISTRICT

First, counsel claims an hourly rate of $350 for himself (an "associate attorney" per his affidavit) and a rate of $800 for Mr. Frei-Pearson. Based on the hours stated on the spreadsheet, this results in a $25,830 claim for Mr. White and $9,440 for Mr. Frei-Pearson. However, counsel makes no effort to show that these rates are typical of what he or Mr. Frei-Pearson ordinarily charge for paying clients, or that these rates are within a ballpark of what is considered reasonable in this jurisdiction.

While counsel cites to several cases for the proposition that his *firm's* hourly rates have been approved by several state and federal courts, he cites to no authority, from this Court or elsewhere, attesting to the reasonableness of *his* rates or those of Mr. Frei-Pearson. Moreover, none of the cases he cites are from the Western District of New York.

This is probably because this Court has determined that significantly lower rates are appropriate in cases such as this. In Cos{ TA \s "Costa v. Sears Home Improvement Prod., Inc., 212 F. Supp. 3d 412, 419 (W.D.N.Y. 2016)" }ta, for example, this Court stated that "hourly rates generally allowed in this District for a case such as this are in the range of $225-$250 for partner time or senior associate time, $150-$175 for junior associate time, and $75 for paralegal time." Costa at 420. See, also, e.g. Anello v. Ander{ TA \s "Anello v. Anderson, 191 F.Supp.3d 262, 282, 09–CV–715S, 2016 WL 3221863, at *11" }son, 191 F. Supp. 3d 262, 282 (W.D.N.Y. 2016) (allowing $225 per hour for a partner, $150-$175 per hour for an associate, and $75 per hour for a paralegal, and $200-$250 per hour for trial counsel in a 42 U.S.C. § 1983 action); Glenn v. Fuji Grill Niagara Falls, LLC, No. 14-CV-380S, 2016 WL 1557751, at *7 (W.D.N.Y. Apr. 18, 2016){ TA \l "Glenn v. Fuji Grill Niagara Falls, LLC, No. 14-CV-380S, 2016 WL 1557751 (W.D.N.Y. Apr. 18, 2016)" \s "Glenn v. Fuji Grill Niagara Falls, LLC, No. 14-CV-380S, 2016 WL 1557751, at *7 (W.D.N.Y. Apr. 18, 2016)" \c 3 } (allowing $250 per hour for senior associate with 11 years of experience and $75 for paralegal).

Simply put, rates of $350 per hour for a junior associate[1] and $800 per partner are wildly beyond the typical rate allowed in this District. Defendants therefore request that Mr. White's and Mr. Frei-Pearson's rates be reduced to $150-$175 and $225-$250, respectively, consistent with what this Court has consistently held reasonable. This would result in a reduction of Mr. White's

---

[1] It is curious that Plaintiff is both attempting to claim hours spent "mooting" and otherwise training a junior associate to argue motions, and a rate in excess of what this District allows for senior partners.

claimed fees from $25,830 to $11,070-$12,915, and Mr. Frei-Pearson's from $9,440 to $2,655 to $2,590, before any hours are reduced.

      III.      THE NUMBER OF HOURS CLAIMED BY COUNSEL IS EXCESSIVE AND UNREASONABLE

Plaintiffs have claimed more than $35,000 in fees for a *motion to compel*. This is a routine motion that does not involve complex or esoteric areas of law (and in his affidavit, counsel does not claim or argue that these issues were unusually complex), yet more than 85 hours have been claimed for preparation and attendance. In fact, counsel does not even try to explain that these hours were reasonably and necessarily expended, only that they were expended.

Additionally, many of these entries are vague, ambiguous, and block-billed. Block billing involves recording large amounts of time for multiple tasks without specifying the amounts of time spent on each discrete task. See, e.g. "WORK ON REPLY BRIEF RE MOTION TO COMPEL; RESEARCH RE INSPECTION OF DOCUMENTS VS PRODUCTION; REVIEW AND ANALYZE 30(B)(6) DEPOSITION TRANSCRIPT" (August 9, 2018 entry for Attorney White, ECF No. 172-1 p. 2); "REVIEW AND ANALYZE ALL FILING RE MOTION TO COMPEL; CONFER WITH J.FREI-PEARSON RE SAME; MOOT SAME" (August 21, 2018 entry for Attorney White, ECF No. 172-1 p.2) (capitalization in original).

"[B]lock-billing makes it difficult if not impossible for a court to determine the reasonableness of the time spent on each of the individual services or tasks provided," because "the lack of specificity impairs the ability to review the reasonableness of certain items." Linde v. Arab Bank, PLC, 293 F.R.D 138, 142-43 (E.D.N.Y. 2013).{ TA \l "Linde v. Arab Bank, PLC, 293 F.R.D 138 (E.D.N.Y. 2013)" \s "Linde v. Arab Bank, PLC, 293 F.R.D 138, 142-43 (E.D.N.Y. 2013)." \c 3 } These entries "have a tendency to obfuscate the amount of time expended on distinct tasks and introduces an element of vagueness into a fee application, making it difficult to determine

if the reported hours are duplicative or unnecessary." { TA \l "Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307  (S.D.N.Y. 2009)" \s "Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, (S.D.N.Y. 2009)" \c 3 }Miroglio v. Conway Stores, Inc., 629 F. Supp. 2d 307 (S.D.N.Y. 2009) (internal quotations and citations omitted).

Notably, many of these fee entries are duplicative on their face, as two lawyers have engaged in this routine task. This is simply not the sort of motion that requires two lawyers. That Mr. Frei-Pearson wanted to afford the opportunity for his junior associate to handle an argument, consistent with this Court's "Opportunities for More Junior Lawyers" statement[2] is admirable; however, the additional cost of training and supervision is not something that would be passed along to a paying client and should not be passed along to Defendants here. Defendants therefore request that fees attributable to Mr. Frei-Pearson for "mooting" Mr. White, as well as traveling to and attending the hearing, be disallowed. These account for 7.1 hours of Mr. Frei-Pearson's time.

Travel time, where discernable, should be given specific scrutiny by this Court.[3] The fee application shows at least one airline flight, and one hotel stay for each attorney, as well as several block-billed entries referencing travel (ECF 172-1). Furthermore, Plaintiffs' counsel is based in White Plains, New York; while Plaintiff had the right to choose counsel as she saw fit, including counsel based several hours' drive from this Court, Defendants should not be forced to pay for that decision.  In addition to the time claimed by Mr. Frei-Pearson, above, at least some portion for the 2.4 hours claimed on August 24 are attributable to travel by Mr. White.

Further, while counsel has paid lip service to the notion of billing judgment, his affidavit lacks any support for the proposition that "excessive, redundant, or otherwise unnecessary" time

---

[2] "Opportunities for More Junior Lawyers," http://www.nywd.uscourts.gov/content/hon-marian-w-payson (last accessed September 26, 2018).
[3] The costs attributed to travel are addressed in the next section.

has been written off or excluded. In addition to the vague and block-billed entries that "[a]ny paying client would require further detail before agreeing to pay," Costa at 426, the exhibit which purports to show the number of hours expended by Attorneys White and Frei-Pearson (ECF No. 172-2) shows no time written down or written off at all.[4]

Because of the above-referenced difficulty of trying to determine whether these fees were reasonable, and in light of this district's use of subtracting a percentage of hours for simplicity's sake (see Walker v. Coughlin, 909 F.Supp. 872, 881 (W.D.N.Y.1995),{ TA \s "Walker v. Coughlin, 909 F.Supp. 872, 881 (W.D.N.Y.1995)." } approving a 15% reduction for non-travel times), Defendants ask that in addition to the reduction of Mr. Frei-Pearson's hours suggested above, this Court reduce Mr. White's claimed hours by 15%, consistent with Walker and other authority. See, e.g., Costa{ TA \s "Costa v. Sears Home Improvement Prod., Inc., 212 F. Supp. 3d 412, 419 (W.D.N.Y. 2016)" } at 426 (approving a 40% reduction); Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 313-314 (S.D.N.Y. 2009){ TA \s "Miroglio S.P.A. v. Conway Stores, Inc., 629 F. Supp. 2d 307, 313-314 (S.D.N.Y. 2009)" } (reducing the award by 15% because the time records contained block entries); Klimbach v. Spherion Corp., 467 F. Supp. 2d 323, 332 (W.D.N.Y. 2006){ TA \l "Klimbach v. Spherion Corp., 467 F. Supp. 2d 323 (W.D.N.Y. 2006)" \s "Klimbach v. Spherion Corp., 467 F. Supp. 2d 323, 332 (W.D.N.Y. 2006)" \c 3 } (finding that "numerous block entries" justified "an across-the-board 10% reduction" because "it is impossible to determine whether those hours were duplicative or were justifiably billed").

IV.   THE COSTS ARE UNSUPPORTED AND SHOULD BE DISALLOWED

---

[4] Moreover, the exhibit is clearly not an invoice that would normally be provided to paying clients, but a printout of a spreadsheet that counsel represents is "an accounting." (ECF No. 172 ¶ 6.)

Plaintiff has also claimed $1,264.97 in costs. (ECF No. 172-1.) However, Plaintiff has failed to include any proof of such costs, such as invoices or airline tickets.

> The party seeking to recover costs bears the burden of adequately documenting and itemizing the costs requested. Baker v. Power Sec. Corp., 174 F.R.D. 292, 294-95 (W.D.N.Y. 1997){ TA \l "Baker v. Power Sec. Corp., 174 F.R.D. 292 (W.D.N.Y. 1997)" \s "Baker v. Power Sec. Corp., 174 F.R.D. 292, 294-95 (W.D.N.Y. 1997)" \c 3 } ("The burden is therefore upon the party seeking costs to provide adequate documentation of its costs, and a failure to do so may result in the costs being reduced or denied."). A party is not entitled to recover costs when its application fails to provide substantiation for the costs sought. See Mendez v. Radec Corp., 907 F. Supp. 2d 353, 360 (W.D.N.Y. 2012).{ TA \l "Mendez v. Radec Corp., 907 F. Supp. 2d 353 (W.D.N.Y. 2012)" \s "e Mendez v. Radec Corp., 907 F. Supp. 2d 353, 360 (W.D.N.Y. 2012)." \c 3 }

Glenn v. F{ TA \s "Glenn v. Fuji Grill Niagara Falls, LLC, No. 14-CV-380S, 2016 WL 1557751, at *7 (W.D.N.Y. Apr. 18, 2016)" }uji Grill Niagara Falls, LLC, No. 14-CV-380S, 2016 WL 1557751, at *8 (W.D.N.Y. Apr. 18, 2016). As it is counsel's burden to show that these costs were actually incurred, Defendants respectfully request that these costs be disallowed in their entirety.

Even if documentation was provided, however, counsel has wholly failed to show that these costs were reasonably and necessarily incurred. For instance, counsel has claimed $455.00 in airfare on behalf of Mr. Frei-Pearson, but does not explain whether this fare was for Mr. Frei-Pearson alone or for Mr. White as well; we are also left to guess where these flight(s) originated and when, or whether they included seat upgrades or other discretionary charges. He further does not explain why there are costs for two separate hotels on two separate nights for attendance at a single, relatively short hearing. Defendants do not know whether they are being asked to pay for a standard room or a two-bedroom suite. Counsel can elect whatever lodging and travel arrangements they want, but again, these are not costs that paying clients would accept, so it is not a cost that Defendants should bear either.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court exercise its discretion and significantly reduce the fees claimed as set forth above.

Dated this 27th day of September, 2018.

>HALLING & CAYO, S.C.
>Attorneys for the Defendants
>
>By: /s/ Stacie H. Rosenzweig
>    Daniel J. O'Brien
>    WI State Bar No. 1005303
>    Stacie H. Rosenzweig
>    WI State Bar No. 1062123
>
>320 E. Buffalo St., Suite 700
>Milwaukee, WI 53202
>Telephone: (414) 271-3400
>Facsimile:  (414) 271-3841
>djo@hallingcayo.com
>shr@hallingcayo.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 27, 2018, I electronically filed the foregoing with the Clerk of the District Court using its CM/ECF system, which would then electronically notify the following CM/ECF participants on this case:

1. Geffrey Gismondi;
2. Jeremiah Frei-Pearson;
3. Daniel J. O'Brien

    _/s/ Stacie H. Rosenzweig_____
    Stacie H. Rosenzweig