# Exhibit A

1      **STIPULATION OF SETTLEMENT**

2      Plaintiff Jacqueline Beebe, on behalf of herself and the Settlement Class defined below, on

3 the one hand, and Defendants V&J National Enterprises, LLC, V&J United Enterprises, LLC, V&J

4 Employment Services, Inc., and V&J Holding Companies, Inc. (collectively, "V&J"), on the other

5 hand, agree to a settlement, subject to the Court's approval, through this Stipulation of Settlement

6 ("Settlement" or "Stipulation" or "Settlement Agreement"):

7      **I. DEFINITIONS**

8      In addition to other terms defined in this Stipulation, the terms below have the following

9 meaning in this Stipulation:

10     1.      "Action" means the proceeding entitled *Jacqueline Beebe v. V&J National*

11 *Enterprises, LLC, et al.* (Case No. 6:17-cv-6075-EAW-MWP), currently pending in the United

12 States District Court for the Western District of New York, Rochester Division.

13     2.      "Authorized Claimant" means a Participating Class Member who has submitted a

14 valid Consent to Become a Party Plaintiff Form or returned a valid and timely Claim Form.

15     3.      "Claim Form" means the Court-approved claim form and consent to join, that will

16 be agreed upon by the Parties, that Settlement Class Members must complete, sign and timely

17 return to the Settlement Administrator to receive a Settlement payment.

18     4.      "Class Counsel" means the law firm of Finkelstein, Blankenship, Frei-Pearson,

19 Garber, LLP ("FBFG").

20     5.      "Class Representative" or "Plaintiff" or "Named Plaintiff" means Jacqueline

21 Beebe.

22     6.      "Complaint" means the operative Class and Collective Action Complaint. *Beebe*

23 *v. V&J National Enterprises, LLC*, No. 17-6075, ECF No. 1 (W.D.N.Y. Feb. 1, 2017).

24     7.      "Court" means the United States District Court for the Western District of New

25 York, Rochester Division.

1       8.     "Defendants" means Defendants V&J National Enterprises, LLC, V&J United

2 Enterprises, LLC, V&J Employment Services, Inc., and V&J Holding Companies, Inc.

3       9.     "Defendants' Counsel" means the law firm of Wimberly, Lawson Steckel,

4 Schneider & Stine, PC.

5       10.    "Effective Date" means the day the Settlement is Final as defined in ¶ 12 below.

6       11.    "Exclusion Letter" means a letter that Settlement Class Members must complete,

7 sign and timely return to the Settlement Administrator to exclude themselves from this Settlement,

8 setting forth their name, the last four digits of their Social Security number, and a statement that

9 they request exclusion from the Settlement Class and do not wish to participate in the Settlement.

10       12.    "Final" means that the Court has granted final approval of the Settlement without

11 material modification and either: (a) the applicable date for seeking appellate review of the Court's

12 final approval of the Settlement has passed without a timely appeal; (b) the United States Court of

13 Appeals for the Second Circuit has rendered a final decision or judgment affirming the Court's

14 final approval of the Settlement without material modification, and the time for any further appeal

15 has expired; or (c) any timely appeal has been dismissed.

16       13.    "Final Approval Hearing" means the hearing that the Court conducts to determine

17 whether to finally approve and implement the Settlement.

18       14.    "Maximum Settlement Amount" means $2,350,000.00.   Defendants' gross

19 aggregate payments under this Settlement Agreement shall not under any circumstances exceed

20 the "Maximum Settlement Amount."

21       15.    "Net Settlement Amount" means the Maximum Settlement Amount *minus* any

22 Court-approved amounts for Class Counsel's fees and costs, the service payments to the Class

23 Representatives, and the costs of administration (including without limitation any Taxes and/or

24 Tax Expenses incurred by the Qualified Settlement Fund).

25       16.    "Notice" means the Court-approved notice to be mailed to Settlement Class

26 Members, that will be agreed upon by the Parties, which, following the Court's Preliminary

1    Approval of the Settlement, the Settlement Administrator will mail to each Settlement Class

2    Member, explaining the Settlement terms and the claims process, as set forth herein.

3          17.     "Parties" means Jacqueline Beebe together with Defendants V&J National

4    Enterprises, LLC, V&J United Enterprises, LLC, V&J Employment Services, Inc., and V&J

5    Holding Companies, Inc., and "Party" means any of the Parties.

6          18.     "Participating Class Members" means Settlement Class Members who have not

7    timely submitted a request to be excluded from the Settlement Class.

8          19.     "Preliminary Approval" means that the Court has preliminarily approved the

9    settlement and authorized the issuance of Notice to Settlement Class Members, as set forth herein.

10          20.     "Release Period" means the period prior to the date the Court grants Preliminary

11    Approval of this Settlement.

12          21.     "Qualified Settlement Fund" or "QSF" means the qualified settlement fund as more

13    fully described below in ¶ 35.

14          22.     "Settlement Administrator" means the third-party administrator mutually agreed to

15    by the Parties and approved by the Court, which will perform the duties of: (a) using the data

16    provided by Defendants to prepare the Claim Forms for each Settlement Class Member; (b)

17    mailing the Notice Packets (defined below) to the Settlement Class Members; (c) establishing a

18    website with information regarding the Settlement, provided that the website is not searchable or

19    indexed by internet search engines;); (d) tracking the submission of Claim Forms and Exclusion

20    Letters; (e) sending cure letters, sending reminder postcards, and making follow-up telephone calls

21    to Settlement Class Members as reasonable; (f) notifying the Parties of timely, untimely and

22    deficient Claim Forms and Exclusion Letters received; (g) calculating the amounts due to each

23    Authorized Claimant pursuant to the Settlement; (h) notifying the Parties of, and helping to

24    resolve, any disputes regarding claims by the Settlement Class Members and notifying Settlement

25    Class Members of the decision on disputed claims; (i) providing Individual Settlement Payments

26    to the Authorized Claimants (except as otherwise provided in the Settlement); (j) utilizing the

1   National Change of Address Database maintained by the United States Postal Service, mail-

2   forwarding information and/or skip tracing methods, as reasonable, to update the mailing list and

3   taking steps to send Notice Packets and Individual Settlement Payment checks to current mailing

4   addresses; (k) sending reminder postcards to Settlement Class Members who have not submitted

5   Claim Forms; and (l) performing such other duties as are described herein.

6       23.    "Settlement Class" or "Settlement Class Member(s)" means all individuals who are

7   reflected on the Class Data List, which, for the purposes of this Settlement only and for no other

8   purpose whatsoever, shall consist of all delivery drivers employed by Defendants since June 21,

9   2010.

10      24.    "Settlement Payment" means the distribution of the Net Settlement Amount to

11  Authorized Claimants pursuant to ¶ 39 below. "Potential Settlement Payment" means the prorate

12  share of the Net Settlement Amount allocable to each Settlement Class Member; however,

13  notwithstanding the foregoing, only Authorized Claimants shall be entitled to receive Settlement

14  Payments, which shall each be referred to herein as an "Individual Settlement Payment."

15  **II. RECITALS**

16      25.    Daniel Spano filed a complaint with the Court on June 21, 2016, initiating the

17  matter *Daniel Spano v. V&J National Enterprises, LLC, et al.*, Case No. 6:16-cv-6419-EAW-

18  MWP.

19      26.    On August 25, 2016, Defendants V&J National Enterprises, LLC, V&J United

20  Enterprises, LLC, and V&J Holding Companies, Inc. produced an arbitration agreement allegedly

21  entered into by Daniel Spano and Defendant V&J Employment Services, Inc.

22      27.    Thereafter, on February 1, 2017, Plaintiff filed the Complaint with the Court,

23  initiating the Action.

24      28.    On March 7, 2017, Plaintiff filed a Motion for Conditional Certification of a

25  collective under the Fair Labor Standards Act ("FLSA"). Defendants opposed this motion and

26  both sides extensively briefed the issue. The Court granted conditional certification of Plaintiff's

1   proposed FLSA collective on June 15, 2017 and approved the form of the notice to be sent to

2   putative collective members on June 22, 2017.

3        29.    On June 12, 2017. Defendants filed a Motion for Judgment on the Pleadings seeking

4   dismissal of the Action as moot, dismissal of all claims against Defendant V&J Holding

5   Companies, Inc. for lack of personal jurisdiction, dismissal of Plaintiff's unjust enrichment claims

6   against all Defendants, and dismissal of Plaintiff's FLSA and NYLL claims against Defendants

7   V&J National Enterprises, LLC, V&J United Enterprises, LLC, and V&J Holding Companies, Inc.

8   Plaintiff opposed this motion and both sides extensively briefed the issues.  On February 16, 2018,

9   the Court granted dismissal of Plaintiff's unjust enrichment claims and denied Defendants'

10   remaining requests without prejudice.

11        30.    The Parties also have engaged in extensive discovery, including motions to compel

12   production, exchanging multiple productions of documents and data, exchanging written

13   discovery, and taking multiple depositions.

14        31.    On July 30, 2019, the Parties mediated this Action with the assistance of Magistrate

15   Judge Marian W. Payson.  This was the fourth in-person mediation session between the Parties

16   and that mediation ultimately led to the agreement reflected in this Stipulation.

17                   **III. TERMS OF SETTLEMENT**

18        32.    <u>Condition Precedent</u>:   The Settlement and the payments described herein are

19   conditioned upon passage of the Effective Date.

20        33.    <u>Verification of Defendants' Financial Circumstances</u>:

21          (a)    Within ten (10) business days of execution of this Stipulation of

22   Settlement, Defendants shall provide four years' worth of all bank statements related to their

23   income and operating expenses to third-party neutral Mediator Patrick Solomon or such other

24   person selected by the Parties (Mediator).  Defendants are not required to provide any other

25   documents to the Mediator.

1    (b)    Within twenty (20) days of receipt of the bank statements, Mediator, with

2    the assistance of financial experts if necessary, shall make a determination as to whether

3    Defendants have ready access to sufficient funds to promptly pay at least three times the

4    Maximum Settlement Amount as defined below in ¶34 without suffering significant financial

5    hardship.

6    (c)    Upon making the determination described above in ¶33(b), Mediator shall

7    notify the Parties of his determination.  Mediator shall not provide Plaintiff with the specifics of

8    Defendants' financial information, only his ultimate determination as to whether or not they can

9    sustain a prompt payment of at least three times the Maximum Settlement Amount without

10    suffering significant financial hardship.

11    (d)    If Mediator informs Plaintiff that Defendants are able to promptly pay at

12    least three times the Maximum Settlement Amount without suffering significant financial

13    hardship, Plaintiff shall have the exclusive right to void this Settlement in its entirety.  Plaintiff

14    shall make her election within ten (10) calendar days after receiving Mediator's determination.

15    34.    <u>Maximum Settlement Amount</u>:  Defendants' total aggregate payments under this

16    Settlement Agreement shall under no circumstances exceed $2,350,000.00 (the "Maximum

17    Settlement Amount").

18    35.    <u>Qualified Settlement Fund</u>:

19    (a)    Within fifteen (15) calendar days after the Effective Date, Defendants shall

20    deposit into the QSF to be administered by the Settlement Administrator a gross aggregate amount

21    equal to: (a) 40% of the Individual Settlement Payments to Authorized Claimants; *plus* (b) the

22    service payments to the Class Representative in an amount not to exceed $15,000; *plus* (c) 40% of

23    Class Counsel's approved reasonable attorneys' fees, costs and expenses; *plus* (d) the reasonable

24    costs of the Settlement Administrator in administering the Settlement (including any Taxes and/or

25    Tax expenses resulting from operation of the QSF).

1         (b)      Within 380 calendar days after the Effective Date (365 days after the first

2 deposit into the QSF as described in ¶35(a)), Defendants shall deposit into the QSF to be

3 administered by the Settlement Administrator a gross aggregate amount equal to: (a) 30% of the

4 Individual Settlement Payments to Authorized Claimants plus 30% of Class Counsel's reasonable

5 attorneys' fees, costs and expenses.

6         (c)      Within 745 calendar days after the Effective Date (365 days after the second

7 deposit into the QSF as described in ¶35(b)), Defendants shall deposit into the QSF to be

8 administered by the Settlement Administrator a gross aggregate amount equal to: (a) 30% of the

9 Individual Settlement Payments to Authorized Claimants plus 30% of Class Counsel's reasonable

10 attorneys' fees, costs and expenses.

11         (d)      If Defendants fail to timely deposit the full amount required into the QSF

12 and after thirty (30) days written notice of such failure to Defendants, Defendants shall be in

13 material breach and Plaintiffs shall have the option, at their sole discretion, to rescind the

14 settlement and recommence litigation and Defendants shall not be entitled to any refund based on

15 their breach.

16         (e)      Under no circumstances shall the total amount deposited under ¶35(a)-(c)

17 exceed $2,350,000.00.

18         <u>Taxes:</u>

19         (f)      The Parties agree to treat the Maximum Settlement Amount as being at all

20 times a "Qualified Settlement Fund," also referred to throughout this Stipulation as "QSF," within

21 the meaning of Treas. Reg. §1.468B-1. In addition, the Settlement Administrator shall timely

22 make such elections as necessary or advisable to carry out the provisions of this paragraph,

23 including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest

24 permitted date. Such elections shall be made in compliance with the procedures and requirements

25 contained in such regulations. It shall be the responsibility of the Settlement Administrator to

26 timely and properly prepare and deliver the necessary documentation for signature by all necessary

1  parties, and thereafter to cause the appropriate filings to occur.

2         (g)    For the purpose of §468B of the Internal Revenue Code of 1986, as

3  amended, and the regulations promulgated thereunder, the "administrator" shall be the Settlement

4  Administrator. The Settlement Administrator shall timely and properly file all informational and

5  other tax returns necessary or advisable with respect to administering this Settlement. Such returns

6  (as well as the election described in ¶ 35(d) hereof) shall be consistent with this paragraph and in

7  all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the

8  Maximum Settlement Amount shall be paid out of the Maximum Settlement Amount as provided

9  in ¶ 36(c) hereof.  The Settlement Administrator also shall be responsible for complying with any

10  required tax reporting obligations arising from the terms and conditions of this Agreement.

11         (h)    All (i) Taxes (including any estimated Taxes, interest, or penalties) arising

12  from or in connection with the Settlement with respect to the Maximum Settlement Amount,

13  including any Taxes or tax detriments that may be imposed upon the Parties or their counsel with

14  respect to any income earned by the Maximum Settlement Amount for any period during which

15  the Maximum Settlement Amount does not qualify as a "Qualified Settlement Fund" for federal

16  or state income tax purposes ("Taxes"), and (ii) expenses and costs incurred in connection with

17  the operation and implementation of this ¶ 35 (including, without limitation, expenses of tax

18  attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or

19  failing to file) the returns described in this ¶ 35) ("Tax Expenses"), shall be paid out of the

20  Maximum Settlement Amount, provided that nothing herein shall prohibit Class Counsel from

21  contesting the reasonableness of any such Tax or Tax Expenses with the applicable taxing entity

22  or relevant service provider.  In all events, except as otherwise provided for in this Stipulation, the

23  Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.

24  The Authorized Claimants shall indemnify and hold each of Defendants and their counsel harmless

25  for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such

26  indemnification);  provided,  however,  that,  without  making  any  representation  or  warranty

1   concerning the tax treatment of any sums to be paid under this Settlement Agreement, and provided

2   that nothing herein is intended as, and shall not be construed as, any representation or admission

3   by Defendants that any employer's share of income taxes shall be owed with respect to any such

4   sums, the Parties acknowledge and agree that the indemnification obligations of the Authorized

5   Claimants hereunder shall not extend to any potential employer's share of employment taxes owed

6   by Defendants, if any. Further, Taxes and Tax Expenses shall be treated as, and considered to be,

7   a cost of administration of the Maximum Settlement Amount and shall be timely paid by the

8   Settlement Administrator out of, not in addition to, the Maximum Settlement Amount without

9   prior order from the Court, and the Settlement Administrator shall be obligated (notwithstanding

10  anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds

11  necessary to pay such amounts, including the establishment of adequate reserves for any Taxes

12  and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg.

13  §1.468B-2(1)(2)); neither Defendants nor their counsel are responsible nor shall they have any

14  liability therefor.  The Parties hereto agree to cooperate with the Settlement Administrator, each

15  other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the

16  provisions of this ¶ 35.

17        36.   Class Counsel's Attorneys' Fees, Costs and Expenses:   Plaintiff and/or Class

18  Counsel will request, and Defendants will not oppose, a payment from the Maximum Settlement

19  Amount for attorneys' fees for all the work already performed and all the work remaining to be

20  performed in this Action, and for all reasonable costs and expenses incurred by Class Counsel in

21  prosecuting the Action and implementing the terms of the Settlement, in an amount not to exceed

22  one-third (1/3) of the Maximum Settlement Amount.  The Court's award of Class Counsel's

23  attorneys' fees, costs and expenses shall be paid to Class Counsel by the Settlement Administrator

24  within five (5) business days after Defendants deposit the funds in the QSF as described in ¶35(a)-

25  (c). The Parties agree that any reduction by the Court in the amount of attorneys' fees, costs and/or

26  expenses approved for Class Counsel shall not be a basis for rendering the entire Settlement

1   voidable or unenforceable. Any reduction by the Court of the amount of attorneys' fees, costs

2   and/or expenses which is ordered by the Court and affirmed during any appeal shall be part of the

3   Net Settlement Amount. Class Counsel's costs shall include AAA fees and mediation fees.

4         37.   <u>Service Payments to Class Representatives</u>: Subject to Court approval, Class

5   Representative, Jacqueline Beebe, shall be paid a service payment in an amount not to exceed

6   $15,000, to be paid from the Maximum Settlement Amount, for her service as Class

7   Representative, and in consideration for the General Release of Claims as defined in ¶ 53, in

8   addition to any payments she may otherwise receive as an Authorized Claimant. The Court's

9   award of this service payment to the Class Representative shall be paid by the Settlement

10   Administrator to the Class Representative concurrent with payments to Authorized Claimants as

11   set forth in ¶ 40, below. The Parties agree that any reduction by the Court in the amount of the

12   Class Representative's requested service payments shall not be a basis for rendering the entire

13   Settlement voidable or unenforceable. If the Court approves service payments of less than the

14   amount sought, the remainder will be retained in the Net Settlement Amount.

15         38.   <u>Settlement Administration Costs</u>: The reasonable costs incurred by the Settlement

16   Administrator in administering the Settlement (including without limitation any Taxes and/or Tax

17   Expenses incurred by the QSF) shall be paid from the Maximum Settlement Amount. Such costs

18   of administration shall be deducted from the Maximum Settlement Amount prior to calculating

19   each Settlement Class Member's Potential Settlement Payment (as set forth in ¶ 39(b) below),

20   provided that, to the extent necessary, such costs of administration may be estimated to facilitate

21   the calculation of Potential Settlement Payments.

22         39.   <u>Distribution to Settlement Class Members</u>:

23         (a)   Within five (5) calendar days after receipt of the Class Data List (as set forth

24   in ¶ 42(a) below), the Settlement Administrator shall calculate each Settlement Class Members'

25   potential Settlement Payment (each a "Potential Total Settlement Payment").

26         (b)   Each Settlement Class Member's Potential Total Settlement Payment will

1   be calculated in the following manner:  For each Settlement Class Member, the total number of

2   his or her workweeks working for Defendant between June 21, 2010 and September 16, 2017 shall

3   be his/her "Individual Workweeks."  The aggregate of all Individual Workweeks among all

4   Settlement Class Members shall be the "Class' Workweeks."  For each Settlement Class Member,

5   his or her Individual Workweeks shall be divided by the Class Workweeks multiplied by the Net

6   Settlement Amount to determine the amount owed that individual less any amount received by

7   drivers to waive their NYLL claim.

8            (c)      Submission of Claim Forms:  Only the Participating Class Members who

9   submit timely and valid Claim Forms, or who have submitted a Consent to Become a Party Plaintiff

10  Form (the "Authorized Claimants") shall be paid.  Authorized Claimants will be paid no less than

11  fifty dollars ($50.00).   To be timely, the Claim Forms must be submitted by the deadline indicated

12  on the Notice and Claim Form by mail, fax, or email (if mailed, bearing a postmark on or before

13  the deadline).  To be valid, Claim Forms must be signed, dated, and returned to the Settlement

14  Administrator by the deadline as explained below in ¶¶ 43.

15           (d)      Reversionary Common Fund Settlement:  This is a reversionary common

16  fund settlement.  If any Settlement Class Members do not file claims (and thus do not become

17  Authorized Claimants) (hereinafter referred to as "Non-Claimants"), Defendants shall retain the

18  money equal to the amount of Potential Settlement Payments attributable to those Non-Claimants

19  ("Non-Claimant Fund").

20           (e)      Tax Allocation of Settlement Payments and Service Payments:   One-

21  hundred percent (100%) of the Individual Settlement Payments and Class Representatives' Service

22  Payments made will be treated as non-taxable payments in reimbursement for incurred expenses

23  and in settlement of claims for alleged interest and penalties.  No payroll or tax withholdings will

24  be taken from these payments.  The Authorized Claimants and the Class Representatives will be

25  responsible for correctly characterizing their respective settlement payments for tax purposes and

26  paying any taxes owing on said amounts (including without limitation, any interest or penalties

1    required by law). Any tax obligation(s) arising from the Individual Settlement Payments and the

2    Class Representatives' Service Payments will be the sole responsibility of each Authorized

3    Claimant. Authorized Claimants must indemnify, defend and hold Defendants harmless for any

4    federal, state and local tax liability, including taxes, interest, penalties or the like, and required

5    withholdings, which may be or is asserted against or imposed upon Defendants by any taxing

6    authority based upon any failure to pay any taxes due on the amounts being paid to the Authorized

7    Claimants pursuant to this Agreement; provided, however, that, without making any representation

8    or warranty concerning the tax treatment of any sums to be paid under this Settlement Agreement,

9    and provided that nothing herein is intended as, and shall not be construed as, any representation

10   or admission by Defendants that any employer's share of income taxes shall be owed with respect

11   to any such sums, the Parties acknowledge and agree that the indemnification obligations of the

12   Authorized Claimants hereunder shall not extend to any potential employer's share of employment

13   taxes owed by Defendants, if any. None of the Released Parties nor any of their representatives

14   have made any warranty concerning the tax treatment of any sums to be paid under this Agreement,

15   and Settlement Class Members have not relied on any such representation in determining the tax

16   treatment of such sums.

17              (f)     None of the payments described in this Agreement shall be subject to

18   matching contributions or included as benefits-eligible earnings under any benefit plan or policy

19   of the Defendants or any of their current or former parent companies, subsidiaries or affiliates.

20              (g)     None of the payments and/or distributions detailed in this Section shall be

21   made by the Settlement Administrator until the dates specifically called for herein.

22              (h)     Within five (5) calendar days after Defendant deposits the initial funds into

23   the QSF in accordance with ¶ 35(a) above, the Settlement Administrator shall mail Individual

24   Settlement Payments equal to 40% of the total Settlement Payment to the Authorized Claimants.

25              (i)     Within five (5) calendar days after Defendant deposits the second

26   installment of funds into the QSF in accordance with ¶ 35(b) above, the Settlement Administrator

1  shall mail Individual Settlement Payments equal to 30% of the total Settlement Payment to the

2  Authorized Claimants.

3        (j)  Within five (5) calendar days after Defendant deposits the third installment

4  of funds into QSF in accordance with ¶ 35(c) above, the Settlement Administrator shall mail

5  Individual Settlement Payments equal to the remaining 30% of the total Settlement Payment to the

6  Authorized Claimants.

7      40.  Conflict of Terms:  In the event of a conflict between the terms set forth in any

8  communication (including, without limitation, the Notice and Claim Form) and this Stipulation,

9  the terms of this Stipulation shall control.

10                     **IV. SETTLEMENT PROCEDURES**

11      41.  Motion for Preliminary Approval:  Within thirty (30) calendar days after the

12  execution of this Agreement by all Parties, Plaintiff shall file a motion for preliminary approval of

13  the Settlement, applying to the Court for the entry of an Order that will be agreed upon by the

14  Parties prior to submission:

15        (a)  Scheduling a fairness hearing on the question of whether the proposed

16  Settlement should be approved as fair, reasonable, and adequate as to the Settlement Class;

17        (b)  Approving as to form and content the proposed Notice to the Settlement

18  Class;

19        (c)  Approving as to form and content the proposed Claim Form;

20        (d)  Approving the proposed method of requesting exclusion from the

21  Settlement;

22        (e)  Directing the mailing of the Notice and Claim Form by first-class mail to

23  the Settlement Class Members;

24        (f)  Preliminarily approving the Settlement;

25        (g)  Preliminarily certifying the Settlement Class for purposes of calculating

26  Potential Settlement Payments, under the NYLL for purposes of Settlement only; and

1          (h)     Approving the Settlement Administrator.

2     42.     <u>Notice to the Class</u>:

3          (a)     Within twenty-one (21) calendar days after the Court's entry of its Order

4 Granting Preliminary Approval of the Settlement, Defendants will provide to the Settlement

5 Administrator the names, last known addresses, last known telephone numbers, and social security

6 numbers of the Settlement Class Members, along with data indicating the number of work weeks

7 for each Settlement Class Member between June 21, 2010 and September 16, 2017 ("Class Data

8 List"). Defendants represent that they did not employ any Pizza Hut delivery drivers in New York

9 after September 16, 2017. This data shall be based on Defendants' payroll and/or other business

10 records.

11          (b)     Within ten (10) calendar days after receipt of the above Class Data List from

12 Defendants, to the extent practicable, the Settlement Administrator will consider any address

13 updates provided by Class Counsel, consult the National Change of Address Registry, and mail to

14 all Settlement Class Members, by first-class U.S. mail, the Notice and Claim Form, and a pre-

15 addressed, postage-paid return envelope (collectively, "the Notice Packet").

16          (c)     The Settlement Administrator shall expeditiously perform reasonable skip

17 tracing as needed.

18     43.     <u>Claims Process</u>:

19          (a)     Settlement Class Members shall have sixty (60) calendar days after the

20 Settlement Administrator's initial mailing of the Notice Packets to return their Claim Forms to the

21 Settlement Administrator ("Claims Period Deadline"). Claim Forms may be submitted to the

22 Settlement Administrator via U.S. mail postmarked on or before the Claims Period Deadline, sent

23 by fax or by email on or before the Claims Period Deadline, or entered online through the

24 Settlement Administrator's website on or before the Claims Period Deadline. In the case of mailed

25 Claim Forms, the postmark date will be deemed the date of submission. In order for a Settlement

26 Class Member to become an Authorized Claimant, he or she must verify his or her identity by

1    providing accurately on the Claim Form the last four digits or his or her social security number or

2    taxpayer ID number.  This entry shall be the same as V&J's records.

3           (b)    If a Settlement Class Member submits a timely Claim Form that is rejected

4    by the Settlement Administrator as deficient in some material respect (for example, the Settlement

5    Class Member failed to sign the Claim Form), the Settlement Administrator will notify the

6    Settlement Class Member in writing of the basis for the deficiency and give the Settlement Class

7    Member forty-five (45) days to cure the deficiency, including a follow-up telephone call, if

8    necessary.  The Settlement Administrator also will provide the Settlement Class Member with

9    Class Counsel's contact information in case the Settlement Class Member wishes to seek Class

10    Counsel's assistance.

11           (c)    The Settlement Administrator shall provide the Parties' counsel with a

12    weekly report showing the number of claims received (including the numbers of valid and deficient

13    claims), and any opt-outs and/or objections.  Thirty (30) calendar days prior to the deadline to

14    submit Claim Forms, the Settlement Administrator will send a postcard reminder notice to all

15    Settlement Class Members who have not yet submitted Claim Forms.

16           (d)    The text of the postcard reminder notice will state:

17           **IMPORTANT LEGAL REMINDER**

18           Dear Settlement Class Member:

19           On **[insert date]**, we mailed you a Notice regarding a class action

20           settlement in which you may be eligible to participate.  Our

21           records indicate that you have not responded.

22           If you do not respond, you will waive all rights to contend you

23           are owed money for unpaid compensation and/or expense

24           reimbursement and you will not receive any settlement payment.

25           If you lost your Notice or Claim Form, or have any questions

26           regarding this reminder, please call the Settlement Administrator

1    at ___-___-____.

2    Thank you,

3    Settlement Administrator

4    44.    <u>Records and Disputes</u>:  If a Settlement Class Member who receives a Claim Form

5    wishes to dispute the calculation of his or her Individual Settlement Payment, the Settlement Class

6    Member may so notify the Settlement Administrator and should produce any supporting

7    information and/or evidence available to the Settlement Class Member.  The Parties will meet and

8    confer in an attempt to resolve any disputes and will endeavor to resolve the issue informally.  If

9    a person believes that he or she was wrongly excluded from being a member of the Settlement

10   Class, the Parties will endeavor to resolve the issue informally.

11   45.    <u>Objections to the Settlement</u>:

12   (a)    Settlement Class Members who wish to object to the Settlement must not

13   exclude themselves from the Settlement and must file with the Court and serve on the Parties'

14   counsel, not later than thirty (30) calendar days after the date that the Settlement Administrator

15   first mails the Notice Packets ("Objection Deadline"), a written statement objecting to the

16   Settlement and setting forth the grounds for the objection, as explained further in the Notice.  This

17   statement also must indicate whether the Settlement Class Member intends to appear and object to

18   the Settlement at the Final Approval Hearing.  The failure to so indicate will constitute a waiver

19   of the right to appear at the hearing.  A Settlement Class Member who does not submit an objection

20   in the manner and by the deadline specified above shall be deemed to have waived all objections

21   and will be foreclosed from making any objection to the Settlement, whether by appeal or

22   otherwise, absent a contrary order of the Court.

23   (b)    Settlement Class Members who wish to object to Plaintiff's and/or Class

24   Counsel's request for attorneys' fees and expenses may do so by following the same procedure as

25   described above.

46.    <u>Requests for Exclusion</u>:

(a)    Settlement Class Members who wish to exclude themselves from the Settlement (opt out of the Settlement) must submit to the Settlement Administrator, not later than thirty (30) calendar days after the date that the Settlement Administrator first mails the Notice Packets ("Opt-Out Deadline"), an Exclusion Letter requesting that he or she be excluded from the Settlement Class.  Exclusion Letters may be submitted to the Settlement Administrator via U.S. Mail, fax, and/or email.  A Settlement Class Member who does not submit a valid and timely Exclusion Letter in the manner and by the deadline specified above shall be bound by all terms and conditions of the Settlement, releases and by the Judgment, regardless of whether he or she submits Claim Form.  A Settlement Class Member who timely submits a valid Exclusion Letter shall not participate in, or be bound by, the Settlement or the Judgment in any respect.  To be valid, Exclusion Letters must be submitted to the Settlement Administrator by the Opt-Out Deadline.  Persons who submit an Exclusion Letter shall not be permitted to file objections to the Settlement or appear at the Final Approval Hearing to voice any objections to the Settlement.

(b)    If a Settlement Class Member completes and submits both a Claim Form and an Exclusion Letter, the Settlement Administrator will contact the Settlement Class Member to obtain clarification of the Settlement Class Member's intent.  In the event that the Settlement Administrator is unable to obtain clarification of the Settlement Class Member's intent by the time of the Final Approval Hearing, it will be presumed that the Claim Form is controlling, and such Settlement Class Member shall be treated as an Authorized Claimant, be paid an Individual Settlement Payment pursuant to the Claim Form, and be bound by the terms of the Settlement. The Settlement Administrator will provide all counsel with the name and contact information of any person who submits both a Claim Foam and an Exclusion Letter.  As necessary, the Court will be the final arbiter with respect to any disputes as to whether a person has filed a valid Claim Form, a valid Exclusion Letter, a valid objection to the Settlement, and/or a valid dispute as to the person's inclusion or exclusion as a Participating Class Member and/or Authorized Claimant.

1          (c)     Although Settlement Class Members who do not submit either a valid and

2    timely Claim Form or a valid and timely Exclusion Letter will not receive an Individual Settlement

3    Payment, they shall be bound by all of the terms of the Settlement, including without limitation,

4    the release set forth in the Settlement.

5          (d)     If more than one hundred (100) of the Settlement Class Members timely

6    submit Exclusion Letters, Defendants shall have the exclusive right to void this Settlement in its

7    entirety.  Defendant shall make its election within fourteen (14) calendar days after the Settlement

8    Administrator notifies the Parties of the number of Exclusion Letters received, which the

9    Settlement Administrator will do within fourteen (14) calendar days after the deadline for

10    submission of Exclusion Letters.

11        47.    <u>Final Approval</u>:

12          (a)     Within fourteen (14) calendar days prior to the Final Approval Hearing,

13    Plaintiff will file with the Court a motion for final approval of the Settlement and a memorandum

14    support of her motion.  Class Counsel will prepare the motion for final approval and will provide

15    Defendants' Counsel sufficient opportunity to review and agree on the content of the motion before

16    it is filed.

17          (b)     At the time the motion for final approval of the Settlement is filed, Class

18    Counsel shall provide the Court with a declaration executed by the Settlement Administrator,

19    specifying the due diligence the Settlement Administrator has undertaken with regard to the

20    mailing of the Notice; verifying its settlement administration costs to date and an estimate of future

21    costs to conclude its duties pursuant to the Settlement; and reporting (to date) on the number of

22    claims, objections, disputes (and status), average and highest claim value, and opt-outs submitted.

23          (c)     Not later than five (5) court days before the Final Approval Hearing, the

24    Parties may file, jointly or separately, a reply in support of their joint motion for final approval of

25    the Settlement, in the event any opposition to the joint motion for final approval has been filed.

26    Likewise, Plaintiff's and/or Class Counsel may file a reply in support of the motion for court

1    approval of Class Counsel's attorney's fees and costs, in the event any opposition to the motion

2    for such attorneys' fees and/or costs has been filed.

3          (d)    At or before the Final Approval Hearing, the Parties will present an Order

4    Approving the Settlement for the Court's entry.  After entry of the Order, the Court will have

5    continuing jurisdiction over the Action and the Settlement solely for purposes of enforcing the

6    Settlement, addressing settlement administration matters.

7          (e)    Upon the filing of the motion for final approval of the Settlement, the Parties

8    will submit a proposed Order in a mutually agreeable form:

9              (i)    Approving the Settlement, adjudging the terms thereof to be fair,

10   reasonable, and adequate, and directing consummation of its terms and provisions;

11             (ii)    Approving Class Counsel's motion for attorneys' fees and expenses;

12             (iii)    Approving the Class Representative's service payments and the

13   Settlement administration costs;

14             (iv)    Permanently enjoining all Settlement Class Members (other than

15   those who filed timely and valid Exclusion Letters) from prosecuting against the Released Parties

16   (defined below) any and all of the Settlement Class Members' Released Claims (defined below);

17             (v)    Permanently enjoining the Class Representative from prosecuting

18   against the Released Parties any and all of the Class Representative's Released Claims (as defined

19   below) and

20             (vi)    Upon full payment of the Settlement in accordance with the terms

21   herein, a Judgment will be entered dismissing the Action with prejudice with each Party bearing

22   its own costs.

23       48.   <u>Returned Checks</u>:  If an Individual Settlement Payment check envelope is returned

24   as undeliverable, the Settlement Administrator will use its discretion to take all steps necessary to

25   locate an updated mailing address for that Settlement Class Member, including without limitation,

26   enhanced skip tracing methods, calling and/or entailing the Authorized Claimant using the

1    telephone number and/or email address provided in his or her returned Claim Form.

2         49.   Uncashed Checks:  If an Authorized Claimant has not cashed his or her Individual

3    Settlement Payment check within ninety (90) calendar days after issuance, the Settlement

4    Administrator shall mail that Authorized Claimant a letter reminding him or her of the deadline to

5    cash such check and providing information as to how to obtain a reissued check in the event the

6    check was lost, stolen or misplaced.  If an Authorized Claimant has not cashed his or her Individual

7    Settlement Payment check within one hundred twenty (120) calendar days after issuance, the

8    Settlement Administrator shall telephone the Authorized Claimant reminding him or her of the

9    deadline to cash such check and providing information as to how to obtain a reissued check, if

10    necessary.  Any checks issued to Authorized Claimants shall remain valid and negotiable for one

11    hundred fifty (150) calendar days after the date of their issuance and may thereafter automatically

12    be canceled if not cashed by the Authorized Claimants within that time.  Thereafter, monies

13    represented by those uncashed checks in the Qualified Settlement Account will be sent to the

14    applicable state's unclaimed wages fund.

15         50.   Certification:  Upon completion of administration of the Settlement, the Settlement

16    Administrator shall provide written certification of such completion to Class Counsel and

17    Defendants' Counsel.

18                 **V. RELEASE OF CLAIMS**

19         51.   Settlement Class Members' Released Claims:  Upon the Effective Date of the

20    Settlement, the Class Representatives and the Settlement Class Members (other than those who

21    submit valid and timely Exclusion Letters) will release and forever discharge Defendants, and any

22    of each of their former and present parents, subsidiaries and affiliates, whatever their current or

23    former legal names or legal entity status, any of each of their respective current and former officers,

24    directors, employees, partners, shareholders and agents, and any other successors, assigns, or legal

25    representatives ("Settlement Class Members' Released Parties" or "Released Parties"), from any

26    and all claims, rights, demands, liabilities and causes of action of every nature and description,

1    whether known or unknown, arising on or before the date of Preliminary Approval ("Release

2    Period"), arising out of, based on, or encompassed by: (a) the claims that were or could have been

3    asserted in any civil complaint filed in this case or in any arbitration filed on behalf of any

4    Settlement Class Member; (b) relate to or arise out of the reimbursement of expenses, under-

5    reimbursement of expenses, or failure to reimburse expenses of any kind; (c) relate to or arise out

6    of the payment of the applicable minimum wage, under-payment of the applicable minimum wage,

7    or failure to pay the applicable minimum wage; and (d) that arise under the New York Labor Law

8    (NYLL) and any similar federal, state, municipal or local laws.  Without limiting the generality of

9    the foregoing, the claim preclusion effect of this Settlement, and the judgment thereon, for *res*

10    *judicata* purposes shall be co-extensive with the release.

11        52.    <u>General Release by Class Representative</u>:

12        (a)    The Class Representative releases the Released Parties from all claims,

13    demands, rights, liabilities and causes of action of every nature and description whatsoever, known

14    or unknown, asserted or that might have been asserted, whether in tort, contract, or for violation

15    of any local, state or federal statute, rule, regulation, ordinance or common law arising out of,

16    relating_to, or in connection with any act or omission by or on the part of any of the Released

17    Parties committed or omitted prior to the execution hereof.  (The release set forth in this Paragraph

18    shall be referred to hereinafter as the "General Release").

19        (b)    The General Release includes any unknown claims the Class Representative

20    does not know or suspect to exist in their favor at the time of the General Release, which, if known

21    by her, might have affected her settlement with, and release of, the Released Parties.

22        (c)    The Parties agree that any refusal by the Court to approve of the General

23    Release by Class Representatives as set forth in this ¶ 53 shall not be a basis for rendering the

24    entire Settlement voidable or unenforceable.

25        53.    Settlement of the Fair Labor Standards Act Count:  The payments made to the Opt-

26    in Plaintiffs in accordance with the Stipulation of Settlement are acknowledged to also be a fair,

1 reasonable and adequate payment of their Fair Labor Standards Act claim. It is acknowledged that

2 the payments made for claims under the NYLL and the FLSA involve the same underlying claims

3 and this settlement resolves all claims.

### VI. ADDITIONAL PROVISIONS

5     54.   <u>Signatories</u>:

6       (a)   The respective signatories to the Settlement represent that he, she, or they

7 are fully authorized to enter into this Settlement and bind to its terms and conditions the respective

8 entities for which the person is signing as shown on the signature line.

9       (b)   The Parties agree that because the Settlement Class Members are so

10 numerous, it is impossible or impractical to have each Settlement Class Member execute this

11 Settlement. The Notice will advise all Settlement Class Members of the binding nature of the

12 release. Excepting only the Settlement Class Members who submit a valid and timely Exclusion

13 Letter, this Stipulation shall have the same force and effect as if it were executed by each

14 Settlement Class Member.

15     55.   <u>Cooperation to Implement Settlement</u>: The Parties agree to cooperate fully with

16 each other to accomplish the terms of this Settlement, including but not limited to executing such

17 documents and taking such other actions as may reasonably be necessary to implement the terms

18 of the Settlement. The Parties shall use their best efforts, including all efforts contemplated by

19 this Settlement and any other efforts that may become necessary by order of the Court, or

20 otherwise, to effectuate the terms of the Settlement.

21     56.   <u>Disputes</u>: Any dispute between the Parties concerning the interpretation or

22 implementation of this Settlement Agreement will be resolved by the Court. Prior to any such

23 resort to the Court, counsel for the Parties will confer in good faith to resolve the dispute. If the

24 Parties are unable to resolve the dispute themselves, the dispute will be submitted to the Court,

25 unless the Parties agree otherwise.

26     57.   <u>No Prior Assignments</u>: The Parties represent, covenant, and warrant that they have

1  not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or

2  encumber to any person or entity any portion of any liability, claim, demand, action, cause of

3  action, or right released and discharged in this Settlement.

4        58.   <u>No Admission of Liability</u>: Defendants deny liability to Plaintiff and the Settlement

5  Class for any claim or cause of action.  Defendants have denied and continue to deny each of the

6  claims and contentions alleged by Plaintiff in the Action Defendants have repeatedly asserted and

7  continue to assert defenses thereto, and have expressly denied and continue to deny any

8  wrongdoing or legal liability arising out of any of the facts or conduct alleged in the Action.

9  Defendants also have denied and continue to deny the allegations that the Settlement Class

10  Members have suffered damage or that the Settlement Class Members were harmed by the conduct

11  alleged in the Action.

12        59.   <u>Fair, Adequate, and Reasonable Settlement</u>: The Parties agree that the Settlement

13  is fair, adequate, and reasonable, and will so represent it to the Court.  In addition the Court may,

14  in its discretion, contact the mediator in this matter to discuss the Settlement and whether or not

15  the Settlement is fair, adequate, and reasonable; provided, however, that nothing herein is intended

16  to, and shall not be construed to, waive the confidentiality of the Parties' settlement or settlement

17  negotiations and discussions pursuant to Rule 408 of the Federal Rules of Evidence.

18        60.   <u>Waiver of Appeals</u>: The Parties agree to waive all appeals from the Court's final

19  approval of this Settlement, unless the Court materially modifies the Settlement; provided,

20  however, that Plaintiff may appeal any reduction in the amount of Class Counsel's fees and

21  expenses and/or the service payment to the Class Representatives.  Any reduction in the amount

22  of Class Counsel's fees, Class Counsel's expenses, and/or the service payment to the Class

23  Representatives will not, however, constitute a material modification of the Settlement and will

24  not be grounds to void the Settlement.

25        61.   <u>No Tax Advice</u>: Neither Class Counsel nor Defendants' Counsel intend anything

26  contained in this Settlement to constitute advice regarding taxes or taxability, nor shall anything

1   in this Settlement be relied upon as such within the meaning of United States Treasury Department

2   Circular 230 (31 CFR Part 10, as amended) or otherwise.

3        62.   <u>Communications</u>: The Parties and their respective counsel agree that they will not

4   issue any press releases, initiate any contact with the press, respond to any press inquiry, post

5   anything about this Action on any interact websites, intranet websites, blogs, social media websites

6   and/or services (including but not limited to Facebook and/or Twitter), and any other mass media,

7   or have any communication with the press about this Action and/or the fact, amount, or terms of

8   the Settlement.  If any Party or counsel for that Party is contacted about this Action by someone

9   who is not a Party or counsel of record in the Action, the Party or their counsel shall state only that

10  the case was settled on mutually satisfactory terms.  Before the date on which the motion for

11  preliminary approval of the Settlement is filed, the Parties and their respective counsel will not

12  initiate any contact with Settlement Class Members or other current or former employees of

13  Defendants about the Settlement, except that Class Counsel and the Class Representatives, if

14  contacted by a Settlement Class Member, may respond only that a Settlement has been reached

15  and that the details will be communicated in a forthcoming Court-approved notice.

16  Notwithstanding the foregoing, nothing herein prohibits Class Counsel from advising any court or

17  administrative body that they were counsel of record in this Action or from citing to publicly

18  available information relating to this Action, and nothing herein limits or affects Class Counsel's

19  right to communicate telephonically or in writing directly with individual Settlement Class

20  Members.

21       63.   <u>Class Certification and Inadmissibility of Settlement</u>:

22       (a)   In connection with their request for Preliminary Approval of the Settlement,

23  Plaintiff shall seek an order certifying the Settlement Class, for settlement purposes only, under

24  the NYLL.  Defendants are consenting to the certification of the Settlement Class for settlement

25  purposes only and contend that class certification would not be appropriate if the matter were

26  litigated.

1          (b)      In the event: (i) the Court does not enter the Order specified herein; (ii) the

2     Court does not finally approve the Settlement as provided herein; (iii) the Court does not enter a

3     Final Judgment as provided herein, which becomes final as a result of the occurrence of the

4     Effective Date; (iv) a Party elects to terminate the Settlement pursuant to the terms set forth herein;

5     or (v) the Settlement does not become Final for any other reason, this Settlement Agreement shall

6     be null and void and any order or judgment entered by the Court in furtherance of this Settlement

7     shall be treated as void from the beginning.  In such a case, any certified class shall be decertified,

8     the Parties shall be returned to their respective statuses as of the date and time immediately prior

9     to the execution of this Agreement, and the Parties shall proceed in all respects as if this Settlement

10    Agreement had not been executed.  In such case, the Settlement shall not be used or be admissible

11    in any subsequent proceedings, either in this Action, in this Court, or in any other Court or forum.

12          (c)      Whether or not the Settlement becomes Final, neither the Settlement, nor

13    any of its terms, nor any document, statement, proceeding or conduct related to this Settlement

14    Agreement, nor any reports or accounts thereof, shall in any event be:

15                (i)      Construed as, offered or admitted in evidence as, received as, or

16    deemed to be evidence for any purpose adverse to the Released Parties, including, but not limited

17    to, evidence of a presumption, concession, indication or admission by any of the Released Parties

18    of an liability, fault, wrongdoing, omission, concession or damage, or evidence in support of any

19    effort to certify a class action; or

20                (ii)      Disclosed, referred to or offered or received in evidence against any

21    of the Released Parties, in any further proceeding in the Action, or any other civil, criminal or

22    administrative action or proceeding except for purposes of settling this Action or as a defense to

23    any Released Claims contained herein pursuant to the terms of this Settlement Agreement.

24                (iii)      This Section notwithstanding, the Settlement, any of its terms, and

25    any document, statement, proceeding or conduct related to this Settlement Agreement, and any

26    reports o accounts thereof may be filed with the Court, referred to, offered or received in evidence,

1    and otherwise used for purposes of enforcing the Settlement.

2          64.   No Disparagement:  Plaintiff and her counsel agree not to disparage V&J, its

3    parents, subsidiaries, affiliates, predecessors, successors, assigns and their respective officers,

4    agents, directors, affiliates, employees, etc., in any way.  V&J agrees not to disparage Plaintiff and

5    her counsel in any way.

6          65.   Use of Confidential Documents and Information:  The Parties agree to keep

7    confidential all documents and information produced in the course of discovery and litigation of

8    this Action.  All documents and information produced in discovery in this Action, otherwise

9    obtained in the course of the litigation of this Action, as well as all documents and information

10    (including Settlement Class Member contact information) produced in connection with

11    effectuation of this Settlement, shall only be used for purposes directly related to this case and the

12    effectuation of this Settlement.  Specifically, such documents and information shall not be used in

13    furtherance of or related to the investigation or litigation of any other matter.

14          66.   Cooperation in Drafting: The Parties agree that the terms and conditions of this

15    Settlement are the result of lengthy, intensive, arm's-length negotiations between the Parties, and

16    that this Settlement shall not be construed in favor of or against any Party by reason of the extent

17    to which any Party, his, her, its, or their counsel participated in its drafting.

18          67.   Applicable Law:  All terms and conditions of this Stipulation and its exhibits will

19    be governed by and interpreted according to the laws of the State of New York, without giving

20    effect to any conflict of law principles or choice of law principles.

21          68.   Captions and Headings:  Captions, headings or paragraph titles in this Settlement

22    are a matter of convenience and for reference, and in no way define, limit, extend, or describe the

23    scope of this Settlement or any provision.

24          69.   Modification: This Settlement may not be changed, altered, or modified, except in

25    writing, and signed by the Parties, and approved by the Court. This Settlement may not be

26    discharged except by performance in accordance with its terms or by a writing signed by the

1    Parties.

2        70.    <u>Integration Clause</u>: This Settlement contains the entire agreement between the

3    Parties relating to the resolution of the Action.   All prior or contemporaneous agreements,

4    understandings, representations, and statements, whether oral or written and whether by a Party or

5    such Party's legal counsel, are merged in this Stipulation.  No rights under this Stipulation may be

6    waived except in writing.

7        71.    <u>Binding on Assigns</u>: This Settlement may be binding upon and inure to the benefit

8    of the Parties and their respective heirs, trustee, executors, administrators, successors and assigns.

9        72.    <u>Counterparts</u>:  This Stipulation shall be executed in counterparts, and when each

10   Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an

11   original, and when taken together with other signed counterparts, shall constitute one Settlement,

12   which shall be binding upon and effective as to all Parties.

13       73.    <u>Interim Stay of Proceedings in Action</u>:  The Parties agree to hold in abeyance all

14   proceedings in the Action, except such proceeding necessary or appropriate to implement and

15   complete the Settlement, pending the Final Approval Hearing.

16       74.    <u>Enforceability</u>:  When this Stipulation of Settlement is signed by all Parties and

17   their attorneys of record, it shall be fully enforceable by the court pursuant to any applicable

18   provision of law.

19

20   Date: _10/1/2019_                      _____

21                                          Finkelstein, Blankenship, Frei-Pearson, Garber, LLP

22                                          Class Counsel

23

24   Date: _10/1/19_                        _____

25                                          Jacqueline Beebe

26                                          Class Representative

1    Date: _____          _____

2                                           Finkelstein, Blankenship, Frei-Pearson, Garber, LLP

3                                           Class Counsel

4

5    Date: _____          _____

6                                           Jacqueline Beebe

7                                           Class Representative

8

9    Date: _____          _____

10                                          Wimberly, Lawson Steckel, Schneider & Stine, PC

11                                          Counsel for Defendants

12

13   Date: _10/28/16_                        _Valerie Daniels-Carter_

14                                          V&J National Enterprises, LLC

15

16   Date: _10/28/16_                        _Valerie Daniels-Carter_

17                                          V&J United Enterprises, LLC

18

19   Date: _10/28/16_                        _Valerie Daniels-Carter_

20                                          V&J Employment Services, Inc.

21

22

23   Date: _10/28/16_                        _Valerie Daniels-Carter_

24                                          V&J Holding Companies, Inc.

25

26